PER CURIAM.
By this interlocutory appeal reversal is sought of an order of the circuit court denying a motion filed there by the appellant under rule 1.38(b), Fla.R.C.P., 30 F.S.A., for relief from a final decree of foreclosure.
The appellant Bodner is the owner of property involved in the foreclosure. On an earlier appeal (Blackwelder v. D’Ercole Enterprises, Inc., Fla.App.1963, 148 So.2d 721, 726) this court returned the cause to the circuit court with directions as follows: “ * * * for further proceedings to foreclose the security deed as a mortgage for such sum, without interest, as the chancellor may find remains outstanding and unpaid of the $20,000 which was advanced on November 13, 1956, for repayment of which the deed of December 20, 1956, was given as security, less any sums that the ap-pellee, Bodner, may have expended for taxes and assessments on the property involved during the period between March 12, 1958, the date of the dismissal of the appeal from the order of sale of the civil court of record, and June 2, 1959, the date of filing of the instant suit.”
Subsequent to remand the court entered a foreclosure decree for $15,694.52. An appeal filed thereto on behalf of Bodner was dismissed as untimely. Thereafter he moved for relief from the decree under rule 1.38(b), and now contends the decree was void, and for that reason it was error to deny the motion.
*374 The foreclosure decree entered after reversal was not void, and the chancellor correctly denied the motion attacking' the decree. The basis for the appellant’s contention that the decree was void was that it included sums outside those directed to be determined in the mandate.
The chancellor had jurisdiction to proceed with the foreclosure, and had been expressly directed to do so. He entered the decree for foreclosure for an amount less than the maximum which could have been found by him to be due. If, as argued by the appellant, the chancellor mistakenly included improper sums, the decree was not thereby rendered void, although in such a circumstance it possibly would have been subject to correction on appellate review. No timely appeal having been taken, the alleged error may not now be indirectly reviewed on this appeal from the order denying the motion for relief under rule 1.38(b), which served to reaffirm the chancellor’s determination of the amount due.
Accordingly the order appealed from is affirmed.