214 So.2d 91 (1968)
Viola CONSTANT, As Executrix of the Estate of Tillithia Jane Edwards, Deceased, Appellant,
v.
Mary E. TILLITSON, Appellee.
No. K-89.
District Court of Appeal of Florida. First District.
September 19, 1968.
A.K. Black, Lake City, for appellant.
Brannon, Brown, Norris, Vocelle & Haley, Lake City, for appellee.
*92 WIGGINTON, Chief Judge.
Appellant as executrix of her mother's estate has appealed a final order rendered by the County Judge of Columbia County, in probate, finding that the sole remaining assets of the estate administered by her are owned by a stranger to the estate, and ordering that the fund be paid over to the one found entitled thereto. Appellant questions the probate court's jurisdiction to determine ownership of the estate assets and to order that it be paid to the claimant thereto under the circumstances shown by this record.
Frank R. Edwards and Tillithia Jane Edwards, husband and wife, were fatally injured in an automobile collision in September, 1964. The husband survived the wife by only a few days before expiring. After his death there was found among his personal possessions a cashier's check dated only a few days prior to his death in the sum of $4,100.00. Both the husband and wife were named as payees of the check. There is no clear or persuasive evidence in the record to indicate the source or origin of the funds represented by the check. There is an inference that the check might have represented the proceeds derived from the sale of a contract owned and assigned by both the decedents shortly prior to their death involving a parcel of land in Columbia County, but such an inference is only speculative.
Appellant, Viola Constant, daughter of Tillithia Jane Edwards, petitioned the court and was appointed executrix of the will of her deceased mother. As the stepdaughter of the husband, Frank R. Edwards, she also petitioned the court and was appointed administrator of his estate. After qualifying as personal representive of both decedents' estates, appellant filed a motion praying for an order authorizing her in her respective representative capacities to endorse the cashier's check and deposit one-half of the proceeds to the credit of each of the estates administered by her. After hearing, the motion was granted and an order duly rendered authorizing appellant to cash the check and divide the funds equally between the estates in accordance with the prayer of her motion.
Such division was made by appellant as authorized by the court and thereafter each estate was duly administered and various expenses incurred in connection with the administration were paid. The estate of Tillithia Jane Edwards was possessed of no assets other than the proceeds received from the cashier's check mentioned above.
Two years and five days following receipt of the funds derived from the check in question, the county judge held a hearing on appellant's motion for approval of her final report and for the allowance of attorney's and executrix' fees. At the conclusion of the hearing the court rendered its final order disallowing any additional fees to the attorney for the estate, refusing to award any compensation to the executrix for her services in connection with the administration of the estate, and further holding as follows:
"(5) That at the time of the death of Frank R. Edwards he was the owner of the $2,050.00 received by the said Executrix, having become the owner thereof by virtue of an Estate by the Entireties and that the sum of $1,837.38, this being the amount unexpended, should be and it is directed the same be paid over to the Estate of Frank R. Edwards.
"(6) That the challenge made by the Executrix to the effect the Court is without jurisdiction to determine the ownership of the $2,050.00 is hereby overruled."
It is the above-quoted provision of the foregoing final order rendered by the county judge that is challenged on this appeal.
Appellant contends, and we agree, that the county judge was without jurisdiction to make the determination set forth in his final order rendered in this case. No claim against the estate of Tillithia Jane Edwards was ever filed by anyone interested *93 in the estate of Frank R. Edwards, nor was any proper proceeding brought against appellant as executrix to determine ownership of the proceeds realized from the check in which appellant's decedent was named as a payee. Whether each of the decedents named as payee in the check owned an interest therein as tenants in common or as tenants by the entirety is a question of law which may be determined only in a proper proceeding brought in a court of competent jurisdiction authorized by law to adjudicate such issue. The pertinent statute of our state provides that except in cases of estates by entirety, a devise transfer, or conveyance made to two or more shall create a tenancy in common unless the instrument creating the estate shall expressly provide for the right of survivorship.[1] There is no dispute but that the check in question did not provide for right of survivorship, so the interest of the payees was that of tenants in common unless it should be held that their interest was vested in them as an estate by the entirety. Such a determination would depend upon an adjudication that there existed at the time the check was issued and delivered to the payees an intent that their respective interest should be vested in them as an estate by the entireties, and there existed at that time a unity of the estate, unity of possession, unity of control, and unity in conveying or encumbering the check so held.[2] Such an adjudication can under our constitution be made only by a circuit court, and not by a county judge's court sitting as a court of probate. Although a county judge's court is vested with jurisdiction to perform those duties usually pertaining to courts of probate, including the quasi-administrative power to make a finding, for administrative purposes, of which assets belong to the estate, it is settled that when strangers to the estate assert a title to assets claimed by the personal representative as a part of the estate, such claim of title must be determined by a proper proceeding instituted in the circuit court, and not by the county judge.[3]
Appellee contends that even though the order appealed was rendered by the county judge more than two years after he had authorized the executrix to cash the check and deposit one-half of the proceeds in the estate account as assets thereof, the county judge was privileged nevertheless to correct his mistake upon later determining that the payees' interest in the check was held by them as an estate by the entireties which became vested in the husband upon surviving the death of his wife by a few days. Even if appellee's contention were well founded, which we hold on this record it is not, the alleged mistake by the county judge in the initial order rendered by him would have been one of law and not of fact, which is not subject to correction under the theory of inadvertence or mistake as permitted by the rules of civil procedure.[4]
For the reasons above stated, the order appealed is reversed and the cause remanded for further proceedings. It seems evident that the disallowance of further attorney's fees and refusal to allow any fee to the executrix was predicated upon the finding by the county judge that the estate had no assets of its own from which such fees could be paid. In such further proceedings as may be had, the county judge is directed to reconsider the provision of his order relative to compensation for both appellant's attorney and herself for services rendered the estate, and to make such award as may be deemed proper. Our conclusion reached herein is without prejudice to the right of appellee to institute in a court of competent jurisdiction such action as may *94 be deemed proper and necessary for the determination of any rights she may have against the estate of Tillithia Jane Edwards with respect to the fund in question.
CARROLL, DONALD K., and SPECTOR, JJ., concur.
NOTES
[1] F.S. § 689.15, F.S.A.
[2] Tingle v. Hornsby (Fla.App. 1959), 111 So.2d 274.
[3] Michaels v. Dillon (Fla.App. 1966), 191 So.2d 80; In Re Brown's Estate (Fla. App. 1961), 134 So.2d 290; In Re Lawrence's Estate (Fla. 1950), 45 So.2d 344.
[4] Rule 1.540, R.C.P., 31 F.S.A.; Lehman v. Spencer Ladd's Inc. (Fla. 1965), 182 So.2d 402; Bodner v. Blackwelder (Fla. App. 1965), 181 So.2d 373.