LILES, Judge.
On April 9, 1970, the trial court entered its order dismissing with prejudice plaintiff-appellant’s complaint for divorce and dismissing without prejudice the defendant-appellee’s counterclaim for separate maintenance. The court in preparing this order did not include a reservation of jurisdiction over the parties and the matter of attorney’s fees and costs for defendant’s attorney.
On June 9, 1970, defendant gave notice of hearing on her application for attorney’s fees and motion to tax costs. Plaintiff filed his motion to strike defendant’s notice and dismiss the hearing on the grounds that the court’s order failed to retain jurisdiction, and the court had therefore lost jurisdiction over the parties and the subject matter. The court denied plaintiff’s motion to strike and entered an order on July 17, 1970, correcting the order of April 9, 1970. The corrected order said:
“The court finds that it committed an error itself by mistakenly signing and entering an Order dismissing the above matter without reserving jurisdiction over the parties for the matter of attorneys’ fees and costs for the defendant’s attorneys, which the court had fully intended to do at the time of, and after the final hearing of this matter, and further the court finds that this was discussed between the attorneys for the parties in the court’s presence and it was understood that this matter would be taken up at a later date.”
Plaintiff appeals from this order.
We believe F.R.C.P. 1.540, 31 F.S.A. offers relief in situations such as this where the court itself makes a mistake or omission. This was not a mistake of law as occurred in Constant v. Tillitson, Fla.App. *526 1968, 214 So.2d 91. If it were, Rule 1.540 would not provide relief.
The trial judge committed no error in correcting his order, and we therefore affirm.
PIERCE, C. J., and McNULTY, J., concur.