251 So.2d 311 (1971)
B. Eugene WILDER, Appellant,
v.
Rebecca M. WILDER, Appellee.
No. 71-78.
District Court of Appeal of Florida, Fourth District.
August 13, 1971.
Albert P. Schwarz, Orlando, for appellant.
William E. Doster, of Lowndes, Peirsol, Drosdick, Baker & Doster, Orlando, for appellee.
OWEN, Judge.
Slightly more than one year after a final judgment of divorce was entered, the former wife sought and obtained an order clarifying and amending certain provisions of the judgment relating to insurance policies which the former husband had been ordered to maintain in effect. The former husband has appealed that order. We conclude that it was erroneous and must be reversed.
*312 At the time of final hearing in the divorce case, the trial judge orally announced his ruling on the several facets of the case, which we summarize briefly. The wife was granted a divorce, custody of the college-age daughter, Janice, attorney's fee, and temporary possession of the marital home. The husband was ordered to pay the wife $300 per month child support (from which her educational expenses would be paid) and $200 per month alimony. Additionally, the court ordered the husband to take the following action in connection with several insurance policies he was then maintaining: (1) on a $25,000 accidental death policy on the husband's life, the daughter was to be named as beneficiary to the extent of $10,000, and the wife the beneficiary to the extent of $7,500; (2) continue in force two life insurance policies on the daughter's life, one of which was an endowment policy in the face amount of $2,000 scheduled to mature within a few months (and which had been denominated by the parties as an "educational policy" because the parties had always intended that the proceeds would help Janice with her college expenses); and (3) continue in force two $5,000 life insurance policies on the husband's life, on one of which the wife was to be named an irrevocable beneficiary.
Final judgment was entered October 8, 1969, approximately two weeks after the hearing at which the court had orally announced its rulings. The written judgment as entered contained the following provisions material to this appeal:
"4. The Defendant, B. EUGENE WILDER, be and he is hereby ORDERED to pay to the Plaintiff, REBECCA M. WILDER, the sum of $300.00 per month for the support, maintenance and college educational expenses of JANICE K. WILDER. The said sum shall be payable beginning on the last day of November, 1969, and shall be payable thereafter on the 1st day of each month during the minority of said minor child unless she shall sooner marry or become self supporting.
"8. The Defendant, B. EUGENE WILDER, be and he is hereby ORDERED to continue in force that certain accidental death life insurance policy in the face amount of $25,000.00 and to designate Janice K. Wilder as a beneficiary of the sum of $10,000.00 and the Plaintiff, Rebecca M. Wilder, as a beneficiary for the sum of $7,500.00. Janice K. Wilder shall be continued as a beneficiary of said policy for such amount during her minority and the plaintiff, REBECCA M. WILDER, shall be continued as a beneficiary under said policy for such amount so long as she is entitled to receive alimony under this judgment.
"9. The Defendant, B. EUGENE WILDER, be and he is hereby ORDERED to pay premiums due upon life insurance policies on the life of JANICE K. WILDER. Said obligation shall continue during the minority of said JANICE K. WILDER, except with respect to the educational policy which will be fully paid in 1970.
"10. The Defendant, B. EUGENE WILDER, be and he is hereby ORDERED to maintain in force life insurance policy No. 6315185 issued by John Hancock Mutual Life Insurance Company in the face amount of $5,000.00 and to designate the Plaintiff, REBECCA M. WILDER, as the beneficiary of the face amount of said policy for so long as the said Plaintiff is entitled to receive alimony under this judgment."
On October 19, 1970, the wife filed her petition for modification of the final judgment and a separate petition for clarification of the final judgment. The petition for modification asked that paragraph 10 of the final judgment, which made the former wife a beneficiary of the $5,000 life insurance policy only "for so long as said plaintiff is entitled to receive alimony under this judgment" be modified to conform to the court's oral ruling to the effect that *313 petitioner be named "an irrevocable beneficiary" of said policy. The petition for clarification asked the court to clarify the terms of the final judgment with respect to the ownership of the proceeds of the "educational policy". This petition alleged that although the policy had matured on April 11, 1970, and on its face appeared to be payable to Janice K. Wilder, the minor daughter (as "the insured"), the insurance company had informed petitioner that the former husband (as the "original beneficiary") had the power to deal with the policy as owner until Janice attained majority, without any fiduciary obligation on his part toward the insured. After hearing on these petitions, the court entered its order of December 30, 1970 (which is the order here appealed), granting petitioner the relief requested, the material portions of which order are quoted as follows:
"* * *
"(a) Proceeds of educational policy referred to therein shall be used for the education of Janice Kate Wilder without credit to B. Eugene Wilder as child support payments.
"(c) Paragraph 8 (sic) of the Final Judgment is hereby amended to conform with the ruling of the Court to provide that Rebecca M. Wilder shall be named an irrevocable beneficiary and that part of the last sentence beginning with the words `so long as' through the word `Judgment' is stricken."
The sole point which appellant raised was the question of whether the final judgment could be altered or amended to provide additional relief to a party when the motion was not served within ten days after entry of judgment as required by Rule 1.530(g), R.C.P., 31 F.S.A., absent any substantial change in circumstances being established. Appellee takes the position that the point is whether the written final judgment may be modified or altered at any time in order to correct mistake or inadvertence in reducing the court's verbal order to writing. Appellee also suggests that a separate procedural question is presented as to whether the trial court has the inherent power to clarify its own final judgment where the same is ambiguous or uncertain, and that a substantive question is presented as to whether the trial court in a divorce action has the power and authority to order that the husband make the wife an irrevocable beneficiary of life insurance on the husband's life.
Appellee's petition for modification was actually a motion for relief under Rule 1.540, R.C.P. since all parties concede that there was no substantial change in circumstances as would justify modification of alimony or child support under F.S. Sections 61.13 or 61.14, F.S.A.
Paragraph 10 of the written final judgment entered by the court, whereby the appellant was ordered to make the wife a beneficiary of the life insurance policy "only for so long as she was entitled to receive alimony under the judgment", clearly did not conform to the court's oral ruling announced at the conclusion of the final hearing held two weeks earlier. The fact that this provision was so worded in the written judgment due to a mistake or oversight (as opposed to a change of judicial decision in the interval between the time of oral announcement and the entry of the written judgment) appears to have been clearly resolved by the court, since the order here appealed authorized the final judgment to be amended. The difficulty arises, however, in determining whether this may be properly denominated as a pure clerical mistake (which under Rule 1.540(a), R.C.P. may be corrected by the court at any time) or whether this is mistake or inadvertence in substance (which under the provisions of Rule 1.540(b), R.C.P. can be corrected upon motion made within a reasonable time [but within one year] after the judgment has been entered).
It is our view that the entry of the written judgment containing a substantive provision materially different from that previously announced orally as the ruling of the court, while certainly due to mistake *314 or inadvertence, cannot be considered as merely a clerical mistake subject to correction at any time without limitation. Appellee cites us to the case of Wheeler Fertilizer Co. v. Rogers, Fla. 1950, 49 So.2d 83, wherein language in the special concurring opinion of Mr. Justice Hobson does, at first blush, sustain the view that a mistake in reducing the court's verbal order to writing is in the nature of a misprision. Nonetheless, we view the rationale of the decision in the cited case as approving the vacating of a judgment inadvertently entered through error or mistake. Such a holding would be wholly compatible with present rule 1.540(b), R.C.P. since in the Wheeler Fertilizer case the final judgment was vacated on motion filed within one year after rendition of the judgment. Just exactly what does amount to mere clerical error is not easily defined by a hard and fast rule applicable to all cases but can sometimes be defined by way of illustration. The instant case provides a clear cut example, not in the final judgment, but in the order here appealed. It is readily apparent that the reference therein to paragraph 8 of the final judgment is a pure clerical mistake, as even a cursory examination of the final judgment and of the appellee's petition for modification shows that the only provision relating to a $5,000 life insurance policy on the former husband is contained in paragraph 10 of the final judgment. Our reference to this misprision is not intended as any reflection on the able trial judge, but simply to make use of a readily available example of what we conceive to be the type of clerical mistake correctable at anytime under Rule 1.540(a), R.C.P. For another example, see the reference to the corrected final judgment discussed in this court's opinion in Betts v. Fowelin, Fla. App. 1967, 203 So.2d 630.
Having concluded that the mistake or inadvertence described cannot be classified as mere clerical error, it follows that appellee's right to relief was not under subparagraph (a) of Rule 1.540, R.C.P. but under subparagraph (b) which limited appellee to one year from the rendition of the judgment within which to seek relief. Her petition for modification, filed 11 days beyond the one-year period, was untimely. Therefore, the court should not have granted the relief sought. Kippy Corporation v. Colburn, Fla. 1965, 177 So.2d 193. Our decision makes it unnecessary for us to determine the substantive question of whether the trial court had the authority to order the ex-husband to name the ex-wife an irrevocable beneficiary of a life insurance policy on his life. We expressly do not pass on that question, although we note that on facts not totally dissimilar the question has been touched upon in two cases cited to us by the parties. Bildner v. Bildner, Fla.App. 1969, 219 So.2d 749 and Putnam v. Putnam, Fla.App. 1963, 154 So.2d 717.
The separate petition for clarification was likewise untimely, whether it be considered as a motion under Rule 1.530, R.C.P. or Rule 1.540, R.C.P. Cf. Mintz v. Ellison, Fla.App. 1970, 233 So.2d 156; Kirby v. Speight, Fla.App. 1969, 217 So.2d 871. See also, Shelby Mutual Ins. Co. v. Pearson, Fla. 1970, 236 So.2d 1, for discussion of limitations on trial court to alter, modify or vacate its own judgment.
One bit of obiter dictum. The question of whether the trial court had the authority to order appellant to continue in effect life insurance policies on the life of his daughter, Janice, is not passed upon by us. Since no appeal was taken from the final judgment, its provisions are binding on appellant. But the obligation therein imposed upon appellant to pay the premiums on the endowment policy until maturity (which he has since done) ought not, under the guise of nunc pro tunc clarification, now be interpreted or construed by the court as having been a judicial determination in the final judgment that the policy was in fact the property of the daughter Janice. The court, which did not have jurisdiction to make such a determination initially (on the issues before it in the divorce *315 suit between appellee and appellant) certainly cannot acquire jurisdiction to make that determination in retrospect by entertaining a petition to clarify an unambiguous provision of the final judgment.
Reversed.
CROSS and MAGER, JJ., concur.