328 So.2d 34 (1976)
Melvyn B. FRUMKES, Appellant,
v.
Nancy J. FRUMKES, Appellee.
No. 75-533.
District Court of Appeal of Florida, Third District.
February 10, 1976.
Abbott, Frumkes & Alhadeff, Miami Beach, for appellant.
Sinclair, Louis & Siegel and Neil A. Shanzer, Marks, Keith, Mack & Lewis and James F. Dougherty, II, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Melvyn B. Frumkes, the husband in a marriage dissolution, appeals from an order awarding $900 to his wife's former attorney.
On June 27, 1974, pursuant to motion by the wife's former attorney, the trial court entered an order permitting him to withdraw from the case and further ordered "that the question of attorneys fees shall be continued for a subsequent hearing at which time testimony may be taken therefor," and that the final hearing would be held at 9:00 A.M., on August 16, 1974.
The wife retained new counsel; the final hearing was held and final judgment entered on August 16, 1974. Former counsel received notice of the final hearing but did not appear thereat. The final judgment by its terms retained "jurisdiction of the parties and the subject matter for the effectuation of the terms of this final judgment." On September 10, 1974, the wife's former attorney noticed the husband, Melvyn Frumkes, of a hearing for his attorneys fees pursuant to the order of June 27, 1974, which notice of hearing was beyond the time for filing a petition for rehearing on the final judgment. On December 17, 1974, the trial judge entered an order awarding the former attorney a reasonable fee for his services on behalf of the wife. From the record, it appears that *35 the husband, who is an attorney, and the former attorney, had indicated to the court prior to the entry of the final judgment, that the former attorney was entitled to a fee for his services and on that basis the judge entered the order awarding the attorneys fee. The husband now appeals, contending that the court lacked jurisdiction to award an attorneys fee. We reluctantly must agree.
The court retains the power to modify by subsequent order the time and manner of the enforcement of a final judgment after it becomes final, but it does not retain the power, unless provided by statute or rule, to amend, modify or alter the provisions of a final judgment. McEachin v. McEachin, Fla.App. 1963, 154 So.2d 894. The reservation clause in the final judgment involved in this appeal, did not have the effect of reserving or retaining the judge's jurisdiction to award attorneys fees and grant to it jurisdiction that otherwise is lost after the time for filing a petition for rehearing had passed. Therefore, the order awarding attorneys fees is reversed.
Reversed.