353 So.2d 954 (1978)
Martha B. MILLS, Wife, Appellant,
v.
E. Richard MILLS, Jr., Appellee.
Nos. GG-166, GG-238.
District Court of Appeal of Florida, First District.
January 12, 1978.
*955 Nat M. Turnbull and Lynn James Hinson of Turnbull, Abner & Daniels, Winter Park, for appellant.
E. Richard Mills, Jr., in pro per.
PER CURIAM.
Subsequent to the mandate having issued in Mills v. Mills, 339 So.2d 681 (Fla. 1st DCA 1976), the respondent in the original proceedings, Martha B. Mills, filed a motion to correct the original order granting motion for judgment on the pleadings which had been affirmed in the prior opinion. This motion was filed on March 30, 1977, some thirteen months after the entry of the original judgment on the pleadings, and sought attorney's fees for defense in the trial court of the original motion to modify final judgment. The trial court held that it had no jurisdiction to grant the relief sought. This is an appeal from that ruling.
The appellant inartfully pled a claim for attorney's fees in the original proceeding in that she only referred to the fact that she had retained a law firm to represent her and had agreed to pay them a reasonable fee. She made no prayer for an award of attorney's fees and she did not allege her need or the appellee's ability to pay. See Johnson v. Johnson, 346 So.2d 591 (Fla. 1st DCA 1977). When the original petition for modification was under advisement, appellant's attorney declined the court's invitation to amend her pleadings but did request the opportunity to be heard on attorney's fees if the court ruled in her favor. Whether the court's failure to rule on the question of attorney's fees or to retain jurisdiction of that subject could have been reversed on appeal is moot because no appeal was taken on this issue.
Thus, appellant's remedy, if any, must be under Fla.R.Civ.P. 1.540. Subsection (a) of the rule permits clerical mistakes to be corrected at any time, but the failure to include a ruling on attorney's fees can hardly be said to be a mistake which is clerical in nature when there is no indication that the court ever intended to pass on the issue of attorney's fees when the original order was entered. See De Baun v. Michael, 333 So.2d 106 (Fla.2d DCA 1976). If a mistake was made, it would have been one which could only be reached under subsection (b)(1), and this portion of the rule provides that the motion must be filed *956 within one year after the entry of the judgment from which the relief is sought. Cf. Wilder v. Wilder, 251 So.2d 311 (Fla. 4th DCA 1971).
Therefore, the order denying the motion relating to attorney's fees and to correct order, etc. be and the same is hereby affirmed.
AFFIRMED.
BARKDULL, Jr., Acting C.J., and GRIMES and DAUKSCH, JJ., concur.