368 So.2d 74 (1979)
Heather Lynne DIGGETT, a Minor, by and through Her Parents and Next Friends, Ernest A. Diggett and Sandra Diggett, and Ernest A. Diggett, Individually, and Sandra Diggett, Individually, Petitioners,
v.
Honorable Virgil B. CONKLING, Circuit Judge of the 18TH Judicial Circuit, Brevard County, Florida, Angel Quinones, M.D., et al., Respondents.
No. 78-1878.
District Court of Appeal of Florida, Fourth District.
February 21, 1979.
Rehearing Denied March 26, 1979.
*75 David J. White of Beckham, McAliley & Proenza, P.A., Miami, for petitioners Diggett.
Jon E. Johnson of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Daytona Beach, for respondents Quinones, Mangone, Clarke & Sandberg, P.A., and Wood.
LETTS, Judge.
This case involves a petition for certiorari based on a ruling that jurisdiction is preserved if the judicial referee by himself, and without the other two members of the panel, commences a final hearing under the medical mediation procedure, within six months from the claim filing date.
It is true that the appellants stipulated "... to this medical mediation claim simply being commenced ... before the judicial referee... ." The appellants having done so, it is unpalatable for us now to have to uphold their contention that one referee doesn't make a panel, even when these very same appellants stipulated that he did. Nonetheless we neither wrote the statute nor the rules and we see nothing we can do to remedy the appellants, heads-we-win-tails-you-lose, result.
Section 768.44(2), Florida Statute (1977) provides:
"... Each hearing, as hereinafter provided for, shall be before a three-member panel, hereinafter referred to as the `panel', ... ." (Emphasis added)
Furthermore, under the Rules of Medical Mediation Procedure set forth at 348 So.2d 547 (Fla. 1977), Rule 20.170 clearly contemplates that hearings shall be before "panel members." More significantly these same rules also say:
The Clerk shall send to all parties a notice of termination of the proceedings when any of the following events have occurred: ... . (c) An extension order has been entered by the Judicial Referee but the hearing has not been commenced within six months from the date of the filing of the claim;
Termination for any of the foregoing reasons terminates the JURISDICTION of the panel. Such termination is FINAL and cannot be extended, MODIFIED or reinstated by the panel, the judicial referee or BY AGREEMENT OF THE PARTIES. (Rule 20.190, emphasis supplied)
In view of all of the foregoing, we hold that a hearing before a 3 member panel was mandatory and jurisdictional. This being so we are without authority to make exceptions and this medical mediation panel has lost jurisdiction and can proceed no further.
Accordingly this petition for certiorari is granted and all orders not in accordance herewith quashed.
CERTIORARI GRANTED.
DAUKSCH, J., concurs.
ANSTEAD, J., dissents without opinion.