375 So.2d 335 (1979)
INTERNATIONAL STUDIO APARTMENT ASSOCIATION, INC., Appellant,
v.
SUN HOLIDAY RESORTS, INC., etc., et al., Appellees.
No. 77-908.
District Court of Appeal of Florida, Fourth District.
August 29, 1979.
Rehearing Denied October 18, 1979.
*336 Rod Tennyson of Ombres, Powell, Tennyson & St. John, West Palm Beach, for appellant.
Howard L. Conklin of Tripp & Conklin, Fort Lauderdale, for appellees.
LETTS, Judge.
This appeal must be dismissed.
The facts and issues in this cause have brought forth much labor, discussion and delay, all of which have come to naught.
It transpires that the jurisdiction of this court to entertain the appeal ended on March 31st, 1977, Fla.App.R. 3.2(b) (1962).
Notwithstanding the above, no appeal was taken within that period. Instead on March 30, 1977, the litigants stipulated to a further thirty day extension because:
"... the parties are now engaged in settlement negotiations in the above styled cause and ... desire that the negotiations continue without jeopardizing the legal right of either party."
Thereafter the notice of appeal was actually filed on May 2, 1977.
We have no jurisdiction. There is little doubt that the respective attorneys acted with the best of intentions and it is unjust that the appellees should thus triumph despite their willingness to extend the allowable period. Nonetheless as our Supreme Court said in Southeast First National Bank of Miami v. Herin, 357 So.2d 716, 718 (Fla. 1978), quoting an earlier case:
Despite what might appear to be the imposition of a hardship, we are compelled to conclude that under applicable rules the timely filing of a notice of appeal at the place required by the rules is essential to confer jurisdiction on the appellate court. We have on numerous occasions held in similar situations that jurisdiction could not even be conferred by consent of the parties, when the notice of appeal was not filed as required by applicable rules. (emphasis supplied)
Needless to say we are bound by the foregoing quoted dictates which do not represent any departure from existing law and are but the most recent restatement of a long established concept. Nonetheless it is unfortunate that we should have taken so long to uncover this fatal discrepancy.
APPEAL DISMISSED.
MOORE, J., and CROSS, SPENCER C., Associate Judge, concur.