383 So.2d 717 (1980)
Harvey E. OYER, Jr., Appellant,
v.
Linda E. BOYER F/K/a Linda E. Oyer, Appellee.
No. 78-1702.
District Court of Appeal of Florida, Fourth District.
May 7, 1980.
Larry Klein, West Palm Beach, for appellant.
Marjorie D. Gadarian of Jones, Paine & Foster, P.A., West Palm Beach, for appellee.
LETTS, Chief Judge.
This appeal evolves out of a trial court award of attorney's fees moved for 28 *718 days after a final order which modified child support and made custody changes as to three minor children. The only language in the modification order which could be construed to allow for retention of jurisdiction for such an award was:
"The Court retains jurisdiction hereof for the purpose of regulating and protecting the welfare of the said minor children and of hearing any proper modification agreed to by the parties herein."
We find the foregoing language insufficient and reverse.
When the wife first filed her petition to modify the child support, (after which the husband counter-petitioned for a custody change) she properly included a prayer for attorney's fees. However, other than first above quoted, the final order contained no language retaining jurisdiction to award any such fees.
While the wife maintains the above quoted language is sufficient, she contends entitlement to such fees in any event because opposing counsel stipulated to a retention of jurisdiction to award them during the hearing on the modification. The husband denies any such stipulation.
We have read, and re-read, the applicable colloquy in the transcript relative to the stipulation and incline to the view that though the husband may be technically correct, the obvious intent and import of the colloquy is to the contrary. Accordingly, were this dialogue about alleged stipulation determinative, we would be required to analyze it in this opinion; however, we are confident that, stipulation or no, it is the final modification order which controls.
Attorneys simply cannot stipulate to prolong jurisdiction. Diggett v. Conkling, 368 So.2d 74 (Fla. 4th DCA 1979); International Studio Apartment Association, Inc. v. Sun Holiday Resorts, Inc., 375 So.2d 335 (Fla. 4th DCA 1979). We have bemoaned this fact before, most recently in the above two cited cases. We agree it is grossly inequitable for an attorney to be able to renege on his solemn agreement in the record.[1] Nevertheless the question of jurisdiction is absolute and the cases so holding are too numerous to require citation. In the case now before us, no petition for rehearing was filed within the time allowed under the rules. This being so, the trial court was powerless to make the award. One case almost on all fours with the case at bar (except that the stipulation on fees was not there disputed) is Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976). In Frumkes the Third District held the trial court without "... power, unless provided by statute or rule, to amend, modify or alter the provisions of a final judgment." We agree.
As to the retention language employed in the modification order, speaking to the regulation and protection of the children, it is true that such may well require the services of attorneys to achieve the desired result. However we are unable to read attorney's fees into the language of the order.
Finally, the wife argues that jurisdiction to award attorney's fees in the modification proceedings can be predicated on the original final judgment of dissolution in which jurisdiction over costs and attorney's fees was retained pursuant to paragraph 17 of the separation agreement which reads:
17. This agreement makes no provision for the payment by either party to the other of attorneys fees incurred in connection with the preparation of this agreement and with the pending legal proceeding which will culminate in the judgment dissolving the marriage. Neither party concedes that he or she should be obligated to pay the fees of the other, but each party reserves the right to make application to the Court for the payment of such fees by the other. Each party agrees that the other may have a separate hearing as to whether he or she should be responsible for any of the other's attorneys fees, and shall have the *719 right at any such hearing to introduce proof of the value of this property settlement to the Wife. In the event that either party is liable to pay the other's attorney a fee the party shall not be obliged to pay the fee prior to the final disposition of the pending personal injury suit.
As was the case with the alleged stipulation earlier discussed, we are also precluded from analyzing this separation agreement language because of yet another stipulation in the record which cancelled any right to make application to the court for fees and costs and specifically satisfied all the conditions of said paragraph number 17 for $4,500.00. This latter stipulation concludes that $4,500.00 is the upper limit "... and any balance ... shall be the sole responsibility of [the] wife."
Accordingly, this cause is reversed with directions to the trial court to set aside and cancel both orders dated July 7th, 1978 awarding a total of $7,550.00 in attorney's fees and $159.31 in costs.
REVERSED AND REMANDED.
ANSTEAD and HERSEY, JJ., concur.
NOTES
[1] We stress that we make no finding of such a solemn agreement on the part of the husband's attorney in the instant case.