497 So.2d 885 (1986)
Larry C. FRISARD, Appellant,
v.
Nancy Alexander FRISARD, Appellee.
No. 85-1931.
District Court of Appeal of Florida, Fourth District.
September 3, 1986.
Rehearing and Clarification Denied December 3, 1986.
William S. Cassel, Fort Lauderdale, for appellant.
Benjie S. Sperling, Fort Lauderdale, for appellee.

*886 ON MOTION FOR REHEARING
GUNTHER, Judge.
We grant appellee's motion for rehearing, withdraw our opinion issued July 2, 1986, and substitute the following opinion in its place.
The former husband appeals from an amended final judgment that adds a reservation of jurisdiction for the taxation of attorney's fees in favor of Nancy Frisard. We reverse.
There have been numerous prior appeals and extensive litigation involving the parties in this case. On April 18, 1983, the trial judge entered a final judgment regarding the custody of Lori Frisard, the daughter of Larry Frisard (appellant) and Nancy Frisard (appellee). The final judgment did not reflect that the court retained jurisdiction to assess attorney's fees. Importantly, the record does not reflect that either party moved for a rehearing from this order. On May 4, 1983, Larry Frisard appealed only from the trial court's custody rulings in the final judgment, which this court affirmed in Frisard v. Frisard, 453 So.2d 1150 (Fla. 4th DCA 1984) ("Frisard I").
On March 16, 1984, while Frisard I was pending, the trial court entered a final judgment assessing costs, expenses, and attorney's fees in favor of Nancy Frisard. Larry Frisard appealed from this order. In Frisard v. Frisard, 468 So.2d 399 (Fla. 4th DCA 1985) ("Frisard II"), this court reversed the trial court.
Undaunted, on June 6, 1985, subsequent to this court's opinion in Frisard II, Nancy Frisard filed in the trial court a motion for relief from judgment for clerical mistake pursuant to Florida Rule of Civil Procedure 1.540(a). On July 19, 1985, the trial court granted Nancy Frisard's motion and entered an amended final judgment adding a reservation of jurisdiction for the taxation of attorney's fees in favor of Nancy Frisard. Larry Frisard presently appeals from this amended final judgment, contending that the trial court was without jurisdiction to amend the final judgment in this fashion. We agree.
In Frisard II, we stated that the trial court is without jurisdiction to make an award of attorney's fees after entry of final judgment, and that judgment has become final through passage of time, if that judgment does not expressly provide for a reservation of jurisdiction for that purpose. 468 So.2d at 399. Similarly, in Oyer v. Boyer, 383 So.2d 717, 718 (Fla. 4th DCA 1980), we held that even though counsel for each side had stipulated as to attorney's fees, no award of fees could be given where the final judgment did not mention the fees and no petition for rehearing was timely filed. See also Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976) (no award of attorney's fees possible, even though counsel stipulated to such, when the final judgment failed to include a provision for attorney's fees). In the present action, the judgment had become final by the passage of time because neither party had moved for a rehearing.
Nancy Frisard argues that the present appeal is not controlled by Frisard II because here the trial court had the authority to amend the final judgment pursuant to Florida Rule of Civil Procedure 1.540(a). Nancy Frisard argues that the trial court's oral pronouncements prior to the entry of the original final judgment clearly reflect that the court always intended to reserve jurisdiction to award fees, and that it properly amended the final judgment merely to correct a clerical error which had resulted in the omission of the reservation of jurisdiction in the final judgment.
Florida Rule of Civil Procedure 1.540(a) controls the present argument and provides in part:
Rule 1.540. Relief from Judgment, Decrees or Orders
(a) Clerical Mistakes. Clerical mistakes in judgments, decrees or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the *887 court orders. During the pendency of an appeal such mistakes may be so corrected before the record on appeal is docketed in the appellate court and thereafter while the appeal is pending may be corrected with leave of the appellate court.
We have held under similar circumstances that the entry of a written judgment by a trial court containing a provision materially different from that which the court announced at trial was a substantive error, not a "clerical" mistake correctable under Rule 1.540(a). Wilder v. Wilder, 251 So.2d 311, 313-314 (Fla. 4th DCA 1971). Under the authority of Wilder, we conclude that the trial court was without authority to attempt to carry out its original intent pursuant to Rule 1.540(a).
We are aware that the appellee cites Mills v. Mills, 353 So.2d 954 (Fla. 1st DCA 1978), for the proposition that the failure to include attorney's fees in a final judgment of dissolution when such an intention has been stated by the court is a clerical mistake. However, what Mills seems to state is that one cannot allege a clerical mistake when it is not even shown that the court intended to rule on the matter in the first place:
Thus, appellant's remedy, if any, must be under Fla.R.Civ.P. 1.540. Subsection (a) of the rule permits clerical mistakes to be corrected at any time, but the failure to include a ruling on attorney's fees can hardly be said to be a mistake which is clerical in nature where there is no indication that the court ever intended to pass on the issue of attorney's fees when the original order was entered.

Mills, 353 So.2d at 955 (emphasis added). Mills does not stand for the proposition that the failure to include a provision for attorney's fees in a final judgment is a clerical mistake. The Mills court simply stated that there can be no mistake to consider unless the movant can first demonstrate that the trial court intended to rule on a given matter. Since the movant in Mills failed to demonstrate that the court had intended to rule on attorney's fees, the court was not required to address the issue of whether or not the failure to reserve jurisdiction to award attorneys fees was a clerical mistake within the meaning of Florida Rule of Civil Procedure 1.540(a).
REVERSED.
GLICKSTEIN and STONE, JJ., concur.