504 So.2d 1372 (1987)
E.F. HUTTON, Appellant,
v.
Robert M. SUSSMAN, Appellee.
Nos. 86-968, 86-1410 and 86-1773.
District Court of Appeal of Florida, Third District.
April 7, 1987.
*1373 Kimbrell & Hamann and Roy D. Wasson, Miami, for appellant.
Gilbride, Heller & Brown and Dyanne E. Feinberg, Miami, for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
PER CURIAM.
E.F. Hutton (Hutton) appeals from the trial court's denial of its post-trial motions attacking the validity of the verdict, which awarded Sussman punitive damages, and from the court's denial of its motion for relief from judgment, which was filed pursuant to Florida Rule of Civil Procedure 1.540(a). Finding that the trial court's only error was to mistakenly enter judgment without reducing the compensatory award by the proportion of the plaintiff's comparative negligence, we affirm in all respects but one; we reverse the trial court's denial of Hutton's motion for relief from judgment and remand for further proceedings.
Hutton contends that since the verdict forms did not require the jury to find that Hutton had acted recklessly, willfully, or wantonly, the verdict for punitive damages is not supported by the law. We disagree.
In the determination of the propriety of the verdict forms, the evidence, the instructions, and the verdict forms should, taken together, be considered as a whole. See Gallagher v. Federal Ins. Co., 346 So.2d 95 (Fla. 3d DCA) (to determine if instructions are proper, they must be examined in light of evidence and verdict forms), cert. denied, 354 So.2d 980 (Fla. 1977). The verdict rendered by the jury is presumed to be regular and in conformity with the instructions given by the trial court. See Eley v. Moris, 478 So.2d 1100 (Fla. 3d DCA 1985); Gould v. National Bank, 421 So.2d 798 (Fla. 3d DCA 1982). Since the jury was properly instructed by the judge with regard to punitive damages, we must assume that the jury correctly followed those instructions in awarding Sussman punitive damages. Also, it was Hutton's burden to offer special verdict forms, which would have required the finding Hutton now complains was lacking, and since it failed to do so, we find no error in the trial court's entry of judgment in conformity with the verdict. See U.S. Concrete Pipe Co. v. Bould, 437 So.2d 1061 (Fla. 1983).
We do, however, find merit in Hutton's contention that the trial court erred in refusing to grant its motion for relief from judgment. The trial court instructed the jury that any award for compensatory damages would be offset by Sussman's comparative negligence. Sussman did not object to this decision, nor did he appeal it. The jury found Sussman to be 40% comparatively negligent. In entering judgment upon the verdict, the trial court neglected to deduct from the verdict the amount of damages due to Sussman's own negligence. Hutton filed a motion for relief from judgment, pursuant to Rule 1.540, to correct this oversight. The trial court denied its motion.[1]
"The key factor [in determining whether a judicial order may be remedied by this rule] is whether or not the court reached a decision in the intentional or purposeful *1374 exercise of its judicial function. If the pronouncement reflects a deliberate choice on the part of the court, the act is judicial... ." In re Beeman's Estate, 391 So.2d 276, 281 (Fla. 4th DCA 1980) (quoting Spomer v. Spomer, 580 P.2d 1146, 1149 (Wyo. 1978)). The judge stated that he erroneously forgot to reduce the judgment, but denied the motion for relief from judgment because he believed he had lost jurisdiction. Since this was merely a simple mistake by the court in failing to reduce the judgment after the jury had already determined Sussman's comparative negligence, and does not represent an affirmative judicial decision, the trial court should have granted Hutton's Rule 1.540(b) motion. See, e.g., Dixie Ins. Co. v. Federick, 449 So.2d 972 (Fla. 5th DCA 1984) (where terms of insurance policy limited insurer's liability to less than the amount entered in a judgment against insurer, insurer was entitled to relief from judgment pursuant to Rule 1.540(b)); Stella, 281 So.2d at 585-86 (same). Accordingly, we reverse this order and remand for the trial court to grant Hutton relief from the judgment and reduce the award for compensatory damages by that portion attributable to Sussman's comparative negligence.
Affirmed in part, reversed in part and remanded.
NOTES
[1] Although Hutton filed its motion pursuant to Rule 1.540(a), which allows the correction of clerical error, it is clear that Hutton was seeking relief of a mistake in the judgment caused by an oversight of the trial court, and that the motion could properly have been treated as a motion for relief based upon Rule 1.540(b), allowing for the correction of mistakes in a judgment entered by the trial court. See Stella v. Craine, 281 So.2d 584 (Fla. 4th DCA 1973), cert. denied, 289 So.2d 731 (Fla. 1974). We, therefore, treat this as a motion for relief from judgment, pursuant to Rule 1.540(b).