525 So.2d 462 (1988)
Jon MEYER, Appellant,
v.
Nancy Peterson MEYER, Appellee.
No. 87-1063.
District Court of Appeal of Florida, Fourth District.
May 11, 1988.
As Corrected May 18, 1988.
Rehearing Denied June 7, 1988.
Gerald Mager of Hatch Mager Casey & Beilly, Fort Lauderdale, for appellant.
H.T. Maloney and Gary S. Maisel of Patterson, Maloney & Gardiner, Fort Lauderdale, for appellee.
DELL, Judge.
Appellant seeks review of a final order entered on appellee's motion for relief from judgment filed pursuant to rule 1.540, Florida Rules of Civil Procedure.
The parties were divorced in January, 1986 with the wife receiving custody of the couple's son. In October, 1986 the husband petitioned to have the child's custody changed. On November 19, 1986 the wife moved for temporary attorney's fees, suit money and costs for defense of the husband's petition but that motion was never heard. When she filed her answer to the petition she failed to include a request for *463 attorney fees. On January 29 and 31, 1987 the court conducted a hearing on the husband's petition for modification. On February 6, 1987 the trial court entered a final order denying the petition. The final order did not mention attorney's fees nor did the trial court reserve jurisdiction to consider fees in the future. Appellee did not move for rehearing pursuant to rule 1.530, Florida Rules of Civil Procedure nor did she appeal from the final order.
On February 19, 1987 the wife again noticed her motion for temporary fees for hearing. On February 25, 1987 (19 days after entry of the final order) the wife filed a "request to amend response" to include her request for attorney's fees. The trial court denied this request without prejudice for her to file an appropriate motion. On March 6, 1987 she filed a motion for relief from judgment pursuant to rule 1.540 in which she alleged that:
[D]uring the hearing on this matter held on January 29, 1987, and January 31, 1987, it was stipulated by and between the parties that the issue of attorney's fees, if applicable, would be tried at a future date. The court neglected to include such reservation in its Order of February 6, 1987.
The trial court granted the wife's motion and entered its order, in the form of an amendment to the final order, adding a reservation of jurisdiction because of the "court's inadvertence."
Appellant contends the order granting relief from judgment should be reversed because appellee failed to timely file a motion pursuant to rule 1.530 for rehearing or amendment of the order. Therefore the trial court exceeded its jurisdiction when it granted appellee's motion for relief from judgment. We agree and reverse.
We find the facts of this case strikingly similar to those considered in Oyer v. Boyer, 383 So.2d 717 (Fla. 4th DCA 1980). In Oyer, the wife's attorney moved for attorney's fees twenty-eight days after a final order that modified child support and made custody changes. The order did not contain an express retention of jurisdiction to award attorney's fees. The wife claimed that during the modification hearing, opposing counsel stipulated to a retention of jurisdiction. The husband denied the alleged stipulation. We held in Oyer:
[W]e are confident that, stipulation or no, it is the final modification order which controls.
Attorneys simply cannot stipulate to prolong jurisdiction... . We agree it is grossly inequitable for an attorney to be able to renege on his solemn agreement in the record. Nevertheless the question of jurisdiction is absolute and the cases so holding are too numerous to require citation. In the case now before us, no petition for rehearing was filed within the time allowed under the rules. This being so, the trial court was powerless to make the award. One case almost on all fours with the case at bar (except that the stipulation on fees was not there disputed) is Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976). In Frumkes the Third District held the trial court without "... power, unless provided by statute or rule, to amend, modify or alter the provisions of a final judgment." We agree.
Id. at 718.
Here the parties stipulated that the court should retain jurisdiction to award attorney's fees. However, we think the language of Oyer is clear and the existence of the stipulation does not change the result which we must reach.[1]
*464 In Frisard v. Frisard, 497 So.2d 885 (Fla. 4th DCA 1986), we reversed an order that granted relief to an ex-wife pursuant to rule 1.540(a), Florida Rules of Civil Procedure, based upon the trial court's failure to include a reservation of jurisdiction to award attorney's fees in a final judgment. The ex-wife argued that the failure to include the reservation was a clerical mistake within the purview of rule 1.540(a). We disagreed and held:
Nancy Frisard argues that the trial court's oral pronouncements prior to the entry of the original final judgment clearly reflect that the court always intended to reserve jurisdiction to award fees, and that it properly amended the final judgment merely to correct a clerical error which had resulted in the omission of the reservation of jurisdiction in the final judgment.
... .
We have held under similar circumstances that the entry of a written judgment by a trial court containing a provision materially different from that which the court announced at trial was a substantive error, not a "clerical" mistake correctable under Rule 1.540(a). Wilder v. Wilder, 251 So.2d 311, 313-314 (Fla. 4th DCA 1971). Under the authority of Wilder, we conclude that the trial court was without authority to attempt to carry out its original intent pursuant to Rule 1.540(a).
Id. at 886-87.
We hold that when appellee failed to timely move for rehearing or amendment to the final order pursuant to rule 1.530, the trial court lost jurisdiction to amend its final order to include a reservation of jurisdiction to award attorney's fees. Accordingly, we reverse the order granting appellee's motion for relief from judgment pursuant to rule 1.540.
REVERSED.
STONE, J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
I dissent because I believe that the trial court had continuing jurisdiction over the parties and that the same principles permitting the recovery of attorney's fees post-judgment in Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla. 1986) apply to these post-dissolution proceedings.
The majority holds that the trial court lost jurisdiction to award fees. However, the original final judgment approving the settlement agreement sought to be modified herein expressly retained continuing jurisdiction over the parties for the purpose of enforcing the judgment and the agreement, including the provisions therein for child custody and prevailing party attorney's fees. By successfully defending the request for modification, the wife was doing little more than enforcing the custody provisions of the parties' agreement and was entitled to attorney's fees pursuant to the express provisions of that agreement. The continuing jurisdiction of the trial court was clearly recognized by the husband when he himself sought to hold the wife in contempt of the original judgment by a motion filed shortly after an order was entered denying the motion for modification.
It also seems to me that the provision in section 61.16, Florida Statutes (1985) for attorney's fees should also be interpreted as liberally as the statute involved in Finkelstein, to permit a post-decision request for fees within a reasonable time:
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.
While fees in a modification proceeding may not be based entirely on results or *465 prevailing party status, that factor is certainly a major consideration.
The husband cannot claim surprise at the wife's request for fees since the wife filed a request for attorney's fees and costs at the commencement of the modification proceedings specifically alleging her inability to pay fees and costs to defend the action, although she titled the motion a request for "temporary" fees, costs and suit money. In addition, the parties entered into a "Stipulation as to Attorneys Fees," signed by counsel for both sides, which provided:
THE PARTIES, by their undersigned counsel, pursuant to Fla.R.App.P. 9.200(a)(3), hereby stipulate that either on January 29, 1987, or on January 31, 1987, at the time of final hearing Respondent/Appellee's counsel advised the Court that the matter of attorney's fees in this cause would be presented at a later date after final hearing and that Petitioner/Appellant's counsel indicated that he had no objection to the matter being heard by the Court at a time subsequent to Final Hearing.
To deny the former wife fees is to put form over substance under circumstances much more compelling than those present in Finkelstein wherein the supreme court held: "We refuse to deprive plaintiffs of their substantive right to attorney's fees merely because the final judgment did not contain the magic words `jurisdiction is reserved.'" Id. at 1243.
NOTES
[1] We note that the supreme court, in Finkelstein v. North Broward Hospital District, 484 So.2d 1241, 1243 (Fla. 1986), recognized that a difference exists between mandatory attorney's fees provided for by section 768.56(1), Florida Statutes (1981) and discretionary attorney's fees in dissolution of marriage proceedings:

Defendants cite Oyer v. Boyer, 383 So.2d 717 (Fla. 4th DCA 1980); McCallum v. McCallum, 364 So.2d 97 (Fla. 4th DCA 1978); and Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976), to support their contention that the trial court lacked jurisdiction to award attorney's fees because the plaintiffs' motion for attorney's fees was filed three days after the time for appeal had expired. However, a significant difference exists between this case, which deals with "prevailing party" attorney's fees, and Oyer, McCallum and Frumkes which deal with attorney's fees in the context of a dissolution of marriage proceeding.