551 So.2d 608 (1989)
Jennifer SOTTILE, Appellant,
v.
John SOTTILE, Appellee.
No. 89-169.
District Court of Appeal of Florida, Fifth District.
November 9, 1989.
*609 Andrew A. Graham and Maureen M. Matheson of Reinman, Harrell, Silberhorn & Graham, P.A., Melbourne, for appellant.
John M. Starling of Holland, Starling & Severs, P.A., Titusville, for appellee.
DANIEL, Chief Judge.
Jennifer Sottile appeals from an order denying a motion for relief from judgment filed pursuant to Florida Rule of Civil Procedure 1.540. We reverse.
The record reveals that appellee, John Sottile, filed a petition to modify a child custody order previously entered by the trial court. Appellant, Jennifer Sottile, sought attorney's fees pursuant to section 61.16, Florida Statutes (1987). In entering its order denying John's petition for modification, the trial court did not rule on Jennifer's pending motion for attorney's fees and did not expressly reserve jurisdiction to later address the issue of attorney's fees. In due course, the pending motion for attorney's fees was heard and the trial court denied the motion stating:
ORDERED that the Respondent's Motion for Award (sic) Attorney's Fees is hereby denied, because the amended order dated 3 June, 1988 did not contain a provision that retained jurisdiction to award attorney fees.
Jennifer then sought relief from judgment pursuant to rule 1.540, Florida Rules of Civil Procedure, alleging in her motion "[t]hat the court drafted and entered the Final Judgment herein and inadvertently neglected to include a retention of jurisdiction to decide the attorney's fee issue. This amounts to a clerical mistake or inadvertence, excusable neglect, etc. under Rule 1.540, Fla.R.Civ.P., and, therefore, the Judgment should be set aside and re-entered with the retention of jurisdiction." The trial court denied the motion stating:
In drafting the Order dated June 3, 1988, the Court did not think about reserving jurisdiction for attorney's fees; if the Court had considered that provision, the Court would have reserved jurisdiction for attorney's fees in the Order.
The general rule is that once a trial court has entered a final order in a dissolution proceeding, absent a retention of jurisdiction, the court may not thereafter enter further orders concerning attorney's fees. See Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla. 1986); Jackson v. Jackson, 390 So.2d 787 (Fla. 1st DCA 1980). Rule 1.540, however, provides relief in those instances in which an attorney's fees provision has not been set forth in the final judgment as a result of, among other reasons, clerical mistake or inadvertence.
In Fatolitis v. Fatolitis, 247 So.2d 525 (Fla. 2d DCA 1971), the trial court entered an order dismissing with prejudice the husband's complaint for divorce and dismissing with prejudice the defendant wife's counterclaim for separate maintenance. In preparing the order, the trial court did not include a reservation of jurisdiction over the parties or over the wife's pending motion for attorney's fees and costs. The wife then filed a notice of hearing on her motion for attorney's fees and costs and the husband responded by filing a motion to strike on the ground that the trial court no longer had jurisdiction over the parties. The trial court entered an order denying *610 the husband's motion to strike and correcting its previous order:
The court finds that it committed an error itself by mistakenly signing and entering an Order dismissing the above matter without reserving jurisdiction over the parties for the matter of attorneys' fees and costs for the defendant's attorneys, which the court had fully intended to do at the time of, and after the final hearing of the matter, and further the court finds that this was discussed between the attorneys for the parties in the court's presence and it was understood that this matter would be taken up at a later date.
247 So.2d at 525. The husband appealed and the second district court affirmed the order of the trial court:
We believe F.R.C.P. 1.540, 31 F.S.A. offers relief in situations such as this where the court itself makes a mistake or omission. This was not a mistake of law as occurred in Constant v. Tillitson, Fla.App. 1968, 214 So.2d 91. If it were, Rule 1.540 would not provide relief.
The trial judge committed no error in correcting his order, and we therefore affirm.
247 So.2d at 525-526.
In E.F. Hutton v. Sussman, 504 So.2d 1372 (Fla. 3d DCA 1987), the third district recognized that rule 1.540(b) provides the trial court with a remedy to correct an error contained in an original judgment:
In entering judgment upon the verdict, the trial court neglected to deduct from the verdict the amount of damages due to Sussman's own negligence. Hutton filed a motion for relief from judgment, pursuant to Rule 1.540, to correct this oversight. The trial court denied its motion.
"The key factor [in determining whether a judicial order may be remedied by this rule] is whether or not the court reached a decision in the intentional or purposeful exercise of its judicial function. If the pronouncement reflects a deliberate choice on the part of the court, the act is judicial... ." In re Beeman's Estate, 391 So.2d 276, 281 (Fla. 4th DCA 1980) (quoting Spomer v. Spomer, 580 P.2d 1146, 1149 (Wyo. 1978)). The judge stated that he erroneously forgot to reduce the judgment, but denied the motion for relief from judgment because he believed he had lost jurisdiction. Since this was merely a simple mistake by the court in failing to reduce the judgment after the jury had already determined Sussman's comparative negligence, and does not represent an affirmative judicial decision, the trial court should have granted Hutton's rule 1.540(b) motion. [footnote omitted].
504 So.2d at 1373-1374. See also Dixie Insurance Company v. Federick, 449 So.2d 972 (Fla. 5th DCA 1984) (rule 1.540(b) is the remedy to correct a mistake or inadvertence contained in an original judgment).
Here Jennifer properly sought relief in the trial court by filing a rule 1.540 motion. Although it is clear that relief was not available pursuant to paragraph (a) of the rule because this was not a clerical mistake,[1] relief should have been granted pursuant to paragraph (b) because the trial judge stated that he had inadvertently omitted the retention of jurisdiction from his final order. Since this, as in Sussman, was a mistake on the part of the trial judge in failing to retain jurisdiction, and does not represent an affirmative judicial decision, Jennifer's 1.540 motion should have been granted. Accordingly, the order denying the motion is reversed and this matter is remanded to the trial court for further proceedings consistent herewith.
REVERSED and REMANDED.
SHARP, J. and PETERSON, E.W., Jr., Associate Judge, concur.
NOTES
[1] See Frisard v. Frisard, 497 So.2d 885 (Fla. 4th DCA 1986); Mills v. Mills, 353 So.2d 954 (Fla. 1st DCA 1978).