PER CURIAM.
Petitioner Shepard D. Osherow seeks to prohibit the trial court from proceeding to consider his former wife’s request for attorney’s fees, filed in connection with post-dissolution proceedings, after the trial court had entered final orders without reserving jurisdiction over the fee request, and the time for moving to amend under Rule 12.530, Florida Family Law Rules of Procedure (incorporating Florida Rule of Civil Procedure 1.530), had expired.
We grant the petition. See Miraglia v. Geiger, 463 So.2d 448 (Fla. 4th DCA 1985) (granting prohibition relief and noting that “[ujnder these circumstances the cases are clear that the trial court loses jurisdiction to consider an application for an' allowance of attorney’s fees”), and cases cited therein; Frisard v. Frisard, 497 So.2d 885 (Fla. 4th DCA 1986) (reversing order under rule 1.540(a), amending final judgment to add reservation of jurisdiction, because omission was substantive error, not clerical error). We find no authority mandating a contrary result merely because the trial court, at the final hearing, orally found the former wife was entitled to fees.
We express no opinion at this time as to whether the former wife may still obtain an award of fees by means of a motion for relief from judgment for mistake or inadvertence under Rules 12.540 and 1.540(b), see Sottile v. Sottile, 551 So.2d 608 (Fla. 5th DCA 1989), rev. denied, 560 So.2d 234 (Fla.1990), or by arguing, in her pending appeal of adverse orders, that the trial court erred in failing to retain jurisdiction over her fee request, see Seigel v. Seigel, 715 So.2d 326, 327 (Fla. 2d DCA 1998); Iribar v. Iribar, 510 So.2d 1023 (Fla. 3d DCA 1987).
POLEN, SHAHOOD and GROSS, JJ., concur.