349 So.2d 195 (1977)
Ruben MONZON, Appellant,
v.
Linda S. MONZON, Appellee.
No. 76-1353.
District Court of Appeal of Florida, Third District.
July 19, 1977.
Rehearing Denied September 14, 1977.
Helliwell, Melrose & DeWolf and William E. Sadowski, Miami, for appellant.
Horton, Perse & Ginsberg and Edward A. Perse, Arthur E. Huttoe, Miami, for appellee.
Before HENDRY, C.J., and BARKDULL and HAVERFIELD, JJ.
PER CURIAM.
Appellant, Ruben Monzon, respondent in the trial court, appeals those provisions of a dissolution of marriage judgment awarding his ex-wife, Linda, the jointly owned marital residence as partial lump sum alimony and rehabilitative alimony of $500 per month for 18 months. Appellant also appeals a subsequent order determining that Linda's attorney is entitled to a $5,000 fee and directing appellant to pay $3,500 thereof.
With respect to appellant's first point on appeal, contending error in the awards of the marital residence and rehabilitative alimony, it is now well established that the courts have broad discretion to utilize and award any combination of rehabilitative *196 alimony, lump sum alimony, periodic permanent alimony, etc. Lee v. Lee, 309 So.2d 26 (Fla.2d DCA 1975). The record reflects that Linda provided the bulk of the down payment for the marital residence and that she quit her job at appellant's request. There being competent substantial evidence to support the above awards, we cannot say the chancellor abused his discretion and it is not the function of this court to substitute its judgment for that of the chancellor through re-evaluation of the testimony and evidence. See Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
Appellant secondly argues that the chancellor erred in assuming jurisdiction over and awarding attorney's fees when Linda's petition failed to demand such fees so that she was not legally entitled to recover them. We cannot agree.
Although Linda's petition for dissolution contained no such prayer, counsel for the respective parties agreed prior to the final hearing that the chancellor should reserve ruling on attorney's fees on behalf of Linda and the final judgment expressly reserved ruling on attorney's fees. We, therefore, find that the chancellor had jurisdiction to enter an order awarding reasonable attorney's fees subsequent to the final judgment of dissolution of marriage. See Section 61.16, Florida Statutes (1975) and Cf. Frumkes v. Frumkes, 328 So.2d 34 (Fla.3d DCA 1976); Church v. Church, 338 So.2d 544 (Fla.3d DCA 1976).
Affirmed.