MOORE, Judge.
This is the fourth appearance of this case in the Appellate Court. In a landlord-tenant action, the tenant ultimately prevailed and was awarded a judgment for attorney fees, pursuant to statutory authorization. Subsequently, the tenant was required to endure extensive proceedings in an effort to collect her judgment. She then filed a motion to amend the final judgment, seeking additional attorney fees for the efforts expended by her attorneys in attempting to collect the original judgment. The trial court’s order on the motion to amend, wherein appellant was granted additional attorney fees, was appealed to this Court. We reversed because the motion to amend the final judgment was served more than ten days after the entry of the judgment and was therefore untimely. The cause was remanded to the trial court for appellant to make application to said court for such fees as may be permitted under the law. Prior thereto, the trial court had not had an opportunity to rule as to the existence of a legal basis for awarding additional attorney fees, except as requested pursuant to the motion to amend the final judgment.
On remand, appellant motioned the trial court for additional attorney fees. Finding that said motion was without legal authority and that no legal basis existed for such an award, appellant’s motion was stricken with prejudice by the trial court. The order striking appellant’s motion is the subject of this appeal. We agree that the trial court correctly found no legal basis for awarding additional attorney fees and therefore affirm.
In awarding the original attorney fees, the trial court entered an order which ■recited:
“ORDERED AND ADJUDGED that the Defendant shall recover an attorney’s fee of $2,200.00 from the Plaintiff within ten (10) days hereof, or this Order shall act as a judgment thereupon for which let execution issue.”
This was a final judgment without a reservation of jurisdiction for any purpose. Upon entry of the final judgment all judicial labors were completed and, except for timely motions (lacking here), the trial court no longer retained jurisdiction over the matter in controversy. As stated by our sister court in Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3rd DCA 1976):
“The Court retains the power to modify by subsequent order the time and manner of the enforcement of a final judgment after it becomes final, but it does not retain the power, unless provided by statute or rule, to amend, modify or alter the provisions of a final judgment.”
See also Church v. Church, 338 So.2d 544 (Fla. 3rd DCA 1976); cf. Monzon v. Monzon, 349 So.2d 195 (Fla. 3rd DCA 1977).
The trial court having failed to retain jurisdiction, it therefore lacked jurisdiction to enter a subsequent order awarding attorney fees. The order appealed is AFFIRMED.
DAUKSCH, J., concurs.
LETTS, J., concurring specially with opinion.