PER CURIAM.
This is an appeal by the wife from a final judgment dissolving a marriage. The final judgment awarded her $50,000.00 in lump sum alimony and $750.00 per month in permanent alimony. The only point on appeal *1214 is that the court erred in not awarding her a special equity in an interest the husband held in a hotel located in Jamaica, B.W.I.
In the final judgment under review, the trial judge made the following finding.
“3. The Court finds that since the inception of the marriage in 1956, the funds of the parties were intermingled in the acquisition of several hotels in Jamaica and Europe. The acquisition of the sole remaining Hotel owned by the Husband; however, did not require any funding. The same was acquired by the Husband with no cash investment. That upon the sale of Montego Hotel, the proceeds of sale were ultimately divided between the parties at their final separation in 1972. “The Court finds that the Wife after the separation from the Husband in 1972, has no special equity in the Husband’s present holdings.. .. ”
Although we might have reached a different result, the findings of the trial judge comes to us with a presumption of correctness. Herzog v. Herzog, 346 So.2d 56 (Fla.1977); Storer v. Storer, 353 So.2d 152, 153 (Fla. 3d DCA 1977). We are not permitted to substitute our judgment as to the facts for his. Dinkel v. Dinkel, 322 So.2d 22 (Fla.1975); Shaw v. Shaw, 334 So.2d 13 (Fla.1976); Monzon v. Monzon, 349 So.2d 195 (Fla. 3d DCA 1977); Koken v. Neubauer, 374 So.2d 49 (Fla. 3d DCA 1979). He is in the best position to make an equitable distribution of any assets acquired during the marriage. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Examining the record in light of these principles, we find no error in the final judgment of dissolution under review; therefore, the same is affirmed.
Affirmed.