436 So.2d 1042 (1983)
Alton G. JEFFCOAT and Brenda B. Jeffcoat, His Wife, Appellants,
v.
Robert HEINICKA and Heinicka Homes, Inc., Appellees.
No. 82-1827.
District Court of Appeal of Florida, Second District.
August 26, 1983.
*1043 Elizabeth Anne Goodale, Largo, for appellants.
Rock O'Neal of Pitcher & O'Neal, P.A., Madeira Beach, for appellees.

ON MOTION FOR REHEARING
HOBSON, Acting Chief Judge.
Upon consideration of appellees' motion for rehearing and motion to supplement the record and appellants' responses thereto, we grant the motions, withdraw our previous opinion, and substitute the following opinion in its stead:
Alton and Brenda Jeffcoat, defendants/counterplaintiffs below, appeal a judgment for attorney fees and costs rendered pursuant to section 501.2105, Florida Statutes (1979), in favor of Robert Heinicka and Heinicka Homes, Inc., plaintiffs/counterdefendants below, following entry of the final judgment. We affirm.
Appellees sued appellants in 1978 because of appellants' alleged refusal to make a final payment on a house built for them by appellees. Appellants counterclaimed, accusing appellees of deceptive and unfair trade practices in violation of chapter 501, Florida Statutes (1979). Following a jury trial, the court rendered a final judgment in appellees' favor on both the suit and counterclaim on January 16, 1981. The court did not reserve jurisdiction to enter any further orders.
On March 17, 1981, appellees filed a motion and affidavit for attorney fees and costs pursuant to section 501.2105. This section reads in relevant part:
501.2105 Attorney's Fees. 
(1) In any civil litigation resulting from a consumer transaction involving a violation of this part, ... the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall receive his reasonable attorney's fees and costs from the nonprevailing party.
(2) The attorney for the prevailing party shall submit a sworn affidavit of his time spent on the case and his costs incurred for all the motions, hearings, and appeals to the trial judge who presided over the civil case.
(3) The trial judge shall award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case as sworn to in an affidavit.
(4) Any award of attorney's fees or costs shall become a part of the judgment and subject to execution as the law allows.
... .
On May 22, 1981, the trial court filed an order granting without prejudice appellants' motion to strike on the ground that the affidavit was not specific enough regarding the amount of time spent by appellees' *1044 attorney on the chapter 501 counterclaim. Appellees filed a motion again with a revised affidavit on June 8, 1981. The court rendered an order on January 26, 1982, granting without prejudice appellants' motion to strike because the affidavit was still not specific enough. On February 11, 1982, appellees again filed a motion with another revised affidavit. The court granted the motion and filed a judgment for attorney fees and costs on June 29, 1982.
Appellants initially propose on appeal that the trial court lacked subject matter jurisdiction to enter the judgment for attorney fees and costs since it had not reserved jurisdiction to render any further orders. In support of this argument they cite several cases which hold that a trial court is without jurisdiction to render an award of attorney fees and costs after a final judgment if it has not reserved jurisdiction. See, e.g., Jackson v. Jackson, 390 So.2d 787 (Fla. 1st DCA 1980); Oyer v. Boyer, 383 So.2d 717 (Fla. 4th DCA 1980); McCallum v. McCallum, 364 So.2d 97 (Fla. 4th DCA 1978); Church v. Church, 338 So.2d 544 (Fla. 3d DCA 1976); Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976). Appellees reply that section 501.2105 does not require that a trial court reserve jurisdiction in order to award attorney fees and costs on a later date.[1] We agree with appellees.
The aforementioned marriage dissolution cases relied upon by appellants are materially distinguishable from the present case because the statute allowing for attorney fees and costs in those cases, section 61.16, does not, like section 501.2105, expressly grant a trial court the power to award a prevailing party attorney fees and costs after entry of the final judgment and exhaustion of all appeals, if any. In our view, this language in section 501.2105 makes it unnecessary for a trial court to reserve jurisdiction in order to be able to subsequently enter a judgment for attorney fees and costs. Of course, this is not to say that a trial court automatically retains jurisdiction under section 501.2105 until the motion and affidavit are finally filed. Instead, it means that a trial court may assume jurisdiction again once the motion and affidavit are filed.
Appellants assert next that a prevailing party must file a motion for attorney fees and costs under section 501.2105 no later than 31 days after rendition of the final judgment where there is neither a motion for a new trial nor an appeal. They submit that because they neither moved for a new trial nor appealed the final judgment, appellees should have filed a motion and affidavit by February 16, 1981, thirty-one days after rendition of the final judgment. Appellees, of course, did not file a motion and affidavit until one month later, March 17, 1981.
We do not view appellees failure to file the motion and affidavit prior to March 17, 1981, as fatal to their cause. Section 501.2105 does not set forth an express time limit for the filing of the motion and affidavit. We believe it consistent with this section to hold that they must be filed within a reasonable time after rendition of the final judgment and exhaustion of all appeals, if any. In our view, appellees' "delay" in not filing a motion and affidavit until March 17, 1981, was not of an unreasonable length. Also, the fact that their first motion and accompanying affidavit were later stricken for lack of specificity does not negate the fact of their attempt to file a motion and affidavit within a reasonable time.
Accordingly, we affirm the judgment awarding attorney fees and costs.
AFFIRMED.
SCHEB and CAMPBELL, JJ., concur.
NOTES
[1] In B & L Motors, Inc. v. Bignotti, 427 So.2d 1070 (Fla. 2d DCA 1983), appellee there raised the same argument as appellees here. However, we stopped short of addressing the argument there because the trial court reserved jurisdiction in an order denying appellant's motion for a new trial. Here, of course, it is necessary to confront appellees' contention since the trial court did not reserve jurisdiction at all.