490 So.2d 202 (1986)
ABD MANAGEMENT CORPORATION, a Florida Corporation, Appellant/Cross-Appellee,
v.
ROBERT L. TURCHIN, INC., a Florida Corporation, Appellee, and
Delcor Construction, Inc., Appellee/Cross-Appellant.
Nos. 85-1149, 85-2664.
District Court of Appeal of Florida, Third District.
Opinion filed June 24, 1986.
*203 Welbaum, Zook, Jones & Williams and Betsy L. Warwick, for appellant/cross-appellee.
Rosenberg, Reisman & Glass and Michele B. Softness, for appellee Turchin; Cooper, Shahady, Frazier & Pugatch and Eve N. Wagner, Ft. Lauderdale, for appellee/cross-appellant Delcor Const., Inc.
Before HENDRY, FERGUSON and JORGENSON, JJ.
PER CURIAM.
The parties to these appeals are the owner of a 250-unit highrise apartment building, ABD Management Corp.; the general contractor who built it, Robert L. Turchin, Inc.; and a subcontractor, Delcor Construction, Inc. Appellant ABD challenges (1) the trial court's order requiring it to pay Delcor's attorney's fees and costs, and (2) the trial court's limitation of its cross-examination of an expert witness. Cross-appellant Delcor alleges as error the court's failure to award paralegal expenses as part of Delcor's award of attorney's fees.
Attorney's fees and costs incurred by the subcontractor in a suit to collect from the general contractor for work completed were assessed against the owner on the theory that the owner's failure to pay the general contractor caused the latter to default in payment to the subcontractor. We reverse on the authority of Peacock Construction Co. v. Modern Air Conditioning, Inc., 353 So.2d 840 (Fla. 1977) (owner's payment to general contractor is not ordinarily a condition precedent to right of subcontractors to receive payment from general contractor for work completed) and Norin Mortgage Corp. v. Wasco, Inc., 343 So.2d 940 (Fla. 2d DCA 1977) (construction contractor could not recover attorney's fees and costs which it incurred in connection with defending suits which had been brought against contractor by subcontractors for money owed by the contractor which had not been paid because of the owner's failure to pay the contractor). In the absence of an agreement which clearly shifts such costs to the owner, they are the responsibility of the general contractor.
We find no abuse of discretion in the court's imposition of a fifteen-minute limitation, divided between the two sides, for examining an expert witness on a damage issue, where the parties were permitted to introduce into evidence all or any part of the witness' pretrial deposition, and *204 the jury was given a view of the premises which were the subject of the alleged defective construction workmanship. See H.I. Holding Co. v. Dade County, 129 So.2d 693 (Fla. 3d DCA) (trial judge is vested with considerable discretion in regulating and controlling manner of examination of witnesses which will not be disturbed unless the discretion is abused or substantial harm is caused to the complaining party), cert. denied, 133 So.2d 646 (Fla. 1961).
By cross-appeal the subcontractor contends that the trial court erred in failing to include paralegal expenses as part of its award of attorney's fees. We affirm the court's denial of the claim for the services of a paralegal on authority of Bill Rivers Trailers, Inc. v. Miller, 489 So.2d 1139 (Fla. 1st DCA 1986) (an "attorney's fee" clearly refers to a fee for work done by an attorney); however, on remand the court may award a fee for the time spent by an attorney in directly supervising the paralegal. See Bill Rivers Trailers.
Affirmed in part; reversed in part; and remanded for further proceedings consistent with this opinion.