503 So.2d 368 (1987)
In re the ESTATE OF Emily PAULK, Deceased.
Shaffey A. BASHURE, Appellant,
v.
Rosalie LINDAMOOD, George Bashure, and Barnett Banks Trust Company, N.A., As Personal Representative of the Estate of Emily B. Paulk, Deceased, and Olga Davis, Appellees.
No. BM-231.
District Court of Appeal of Florida, First District.
February 11, 1987.
Rehearing Denied March 30, 1987.
*369 Hans G. Tanzler, Jr. and Herbert T. Sussman, of Boyer, Tanzler & Boyer, Jacksonville, for appellant.
John G. Grimsley and Randall L. Marker, of Mahoney, Adams, Milam, Surface & Grimsley, P.A., Jacksonville, for appellees.
John F. Callender, Jacksonville, for appellee Davis.
PER CURIAM.
This cause is before us for review of the trial court's denial of revocation of probate. After careful examination of the record and consideration of the legal arguments advanced by counsel, we have determined there is competent and substantial evidence to support the trial court's finding that, although appellant raised a presumption of undue influence, the presumption had been satisfactorily explained.
In making this determination, we recognize the trial court did not expressly address the testimony of Mr. Robert Palmer. Nevertheless, the record reflects sufficient evidence by which the trial court could find that the beneficiary had provided a reasonable explanation for her active role in the decedent's affairs. In re Estate of Carpenter, 253 So.2d 697, 704 (Fla. 1971). At that point, it was the function of the trial court, as the trier of fact to
weigh the evidence, assess the credibility of the witnesses, and determine whether the evidence establishe[d] the occurrence of undue influence. Cripe v. Atlantic First National Bank, 422 So.2d 820 (Fla. 1982).
Ahlman v. Wolf, 483 So.2d 889, 892 (Fla. 3d DCA 1986).
By the same token, we find no error in the trial court's denial of the motion for recusal. The motion for recusal was filed well after entry of the final judgment. Fla.R.Civ.P. 1.432(c); Fischer v. Knuck, 497 So.2d 240, 241 (Fla. 1986). Furthermore, this record does not indicate the existence of the patent prejudice disapproved by the court in Pistorino v. Ferguson, 386 So.2d 65 (Fla. 3d DCA 1980).
In like manner, we find no error in the trial court's admission of the testimony of the attorney who drafted the challenged testamentary documents. The attorney was not an interested person within the contemplation of section 90.602, Florida Statutes. See In re Estate of Udell, 324 So.2d 703 (Fla. 4th DCA 1975), cert. denied, 336 So.2d 108 (Fla. 1976).
Finally, we approve the trial court's decision to exclude the testimony of the rebuttal witness who had not been listed as a witness, and who was not disclosed to the objecting parties prior to being called to testify. The manner in which the rebuttal witness was called operated to surprise the objecting parties with no opportunity to cure the prejudice. Binger v. King Pest Control, 401 So.2d 1310, 1313-1314 (Fla. 1981).
*370 Therefore, we affirm the final judgment entered in this cause.
SMITH, JOANOS and BARFIELD, JJ., concur.