529 So.2d 1150 (1988)
In re ESTATE OF Emily B. PAULK, Deceased, Shaffey A. Bashure, Appellant,
v.
Rosalie LINDAMOOD, George Bashure, and Barnett Banks Trust Company, M.A., As Personal Representatives of the Estate of Emily B. Paulk, Deceased, and Olga Davis, Appellees.
Nos. BR-267, 87-255.
District Court of Appeal of Florida, First District.
April 26, 1988.
Rehearing Denied June 6, 1988.
Herbert T. Sussman of Boyer, Tanzler & Boyer, Jacksonville, for appellant.
John G. Grimsley and Randall L. Marker of Mahoney, Adams, Milam, Surface & Grimsley, Jacksonville, for appellee Rosalie Lindamood, et al.
John F. Callender, Jacksonville, for appellee Davis in BR-267.
ERVIN, Judge.
The appellant in Case Nos. BR-267 and 87-255, consolidated sua sponte by this court on appeal, appeals from the entry of two non-final orders following the lower court's issuance of a final judgment denying the appellant's challenge to the validity of certain testamentary documents executed *1151 by appellant's deceased sister, Emily Paulk.[1] In Case No. BR-267, we affirm as to the issue of attorney's fees awarded against appellant in favor of appellees Rosalie Lindamood, George Bashure and Barnett Banks Trust Company, trustee (hereafter collectively referred to as "estate"), as well as appellee Olga Davis. In Case No. 87-255, we reverse, concluding that the lower court lacked jurisdiction to enter a second order taxing costs against the appellant.
After letters of administration had issued, the appellant sought revocation of probate, alleging the testamentary incapacity of the decedent and the undue influence on the decedent by certain beneficiaries. A hearing was held and the lower court sustained the validity of the testamentary documents, reserving jurisdiction for the purpose of taxing costs and attorney's fees.[2] Petitions for costs and attorney's fees were then filed by attorneys for both the estate and Olga Davis. On December 10, 1986, the court awarded fees and costs and ordered the estate to pay the same in the following order:
[F]irst from the portion of the probate and trust estates held for the benefit of Shaffey Bashure [the appellant] until such is exhausted; next, any unpaid balance shall be paid from the residuary probate estate ... and finally any unpaid balance shall be paid proportionately from the assets in the living trust... .
This order contained no further reservation of jurisdiction.
The appellant Bashure appealed the award to this court (Case No. BR-257), and during the pendency of the appeal attorneys for the estate filed a subsequent "Motion to Tax Costs Against Shaffey A. Bashure", individually, requesting additional costs be recovered from the appellant, including expert witness fees for services that had been rendered during the earlier will-contest proceedings. On April 23, 1987, the lower court granted the motion and taxed an additional $7,945.50 in costs against the appellant. This order is the subject of the appeal in Case No. 87-255.

I. CASE NO. BR-267
In this appeal, Bashure raises two issues: (1) The trial court erred in awarding attorney's fees, the amount of which included compensation for work done by paralegal assistants, and (2) the court erred in ordering that attorney's fees be paid from the appellant's share of the residuary trust corpus. As to the first issue, appellant argues that because the trial court's order discloses that evidence was introduced at the hearing on the motion regarding the reasonableness of the services and the hourly rates of both the attorneys and paralegal assistants aiding the estate, the trial court necessarily separately assessed and awarded an hourly rate for nonlawyer services, contrary to the rule announced by this court in Bill Rivers Trailers, Inc. v. Miller, 489 So.2d 1139 (Fla. 1st DCA 1986), requiring that work delegated to lay personnel must become merged in the work product of the lawyer and cannot be separately compensated as attorney's fees. As there are several major distinctions between the facts recited in Bill Rivers and those at bar, we are not persuaded that the Bill Rivers rule applies to the instant case.
Although the trial court's order below referred to the "reasonableness of the services and the hourly rates of the attorneys and paralegal assistants," and the detailed billing summary attached to the petition for attorney's fees reflects 236.1 hours of attorney time and 211.8 hours of nonlawyer personnel services, the order nonetheless awarded reasonable compensation to the attorneys for the aggregate value of their services to the estate, and did not separately itemize and award reasonable compensation to both the lawyers and legal assistants for their respective services, as occurred in Bill Rivers. Paragraph two of the court's order awarding fees provides as follows:

*1152 Mahoney, Adams, Milam, Surface & Grimsley, P.A. rendered services beneficial to the estate and trusts. Again, detailed time records were introduced showing the efforts of John G. Grimsley, his partner, his associate, and his paralegal assistants. Mr. Grimsley's hourly rate of $160.00 is reasonable in view of his twenty years at the bar and his particularly high standing within his field of trusts, estate planning, probate practice and probate litigation. Credible expert testimony was introduced concerning the necessity and reasonableness of the services and the hourly rates of the attorneys and paralegal assistants. The reasonable value of the law firm's services beneficial to the estate and trusts is $44,417.50, together with costs and expenses at $1,472.56, for a total of $45,890.06.
From our examination of the above portion of the order, it is impossible for us to conclude, as did this court in Bill Rivers, that the lower court's order was violative of any ethical consideration of the Code of Professional Responsibility, especially that requiring the lawyer's "delegated work ... be such ... as loses its separate identity and becomes either the product or else merged in the product of the attorney himself." Fla.Bar Code Prof.Resp., E.C. 3-6.[3] The order on review, without any separate itemization, found the reasonable value of the firm's services to be the total sum of $44,417.50. Consequently there is nothing reflected on the face of the order suggesting that the delegated work performed by the paralegal personnel was not merged into the lawyers' completed product.
An additional problem we have in accepting appellant's argument is that the record before us does not include the transcription of the hearing on the estate's motion for costs and fees. It is of course appellant's burden to ensure that the record is prepared and transmitted in accordance with the Florida Rules of Appellate Procedure. See Fla.R.App.P. 9.200(e). Appellant, as in Moore v. Moore, 512 So.2d 1141 (Fla. 1st DCA 1987), has submitted neither a transcript of the hearing resulting in the order appealed, nor a statement of the evidence pursuant to Florida Rule of Appellate Procedure 9.200(b)(3). Therefore, as the record before us does not disclose that the lower court separately assessed a fee for services performed solely by nonlawyer personnel, we conclude that the fee awarded properly falls within the purview of services authorizing an award of a reasonable attorney's fee.[4]
As to the second issue, relating to the propriety of the order directing that appellees' attorney's fees be paid from the residuary trust corpus, appellant argues that because Section 733.106(4), Florida Statutes, empowers the trial court, in ordering *1153 fees and costs, to "direct from what part of the estate they shall be paid" (e.s.), the court lacked the authority to direct the payment of fees from appellant's share in the residuary trust corpus. We disagree. The parties had stipulated that the issue of the decedent's will and trust agreements would be determined in one proceeding. Moreover, the will incorporated within it the inter vivos "pour over" trust provisions. It is well-established that a trust which is incorporated by reference in a will becomes a testamentary disposition, so as to entitle a court to use testamentary terms in its description, In re Estate of Potter, 469 So.2d 957 (Fla. 4th DCA 1985); Parker v. Florida First National Bank of Jacksonville, 419 So.2d 730 (Fla. 1st DCA 1982) (in an action by the personal representative of an estate for an accounting and invalidation of a trust, an assessment of fees and costs against the trust was proper). We therefore affirm as to this issue.

II. CASE NO. 87-255
Appellant next argues that the trial court lacked jurisdiction to enter the second order taxing costs. Appellees' counter-argument is that the order taxing costs against the appellant individually was the "first and only request for the taxation of costs against the non-prevailing party, appellant", and thus the trial court was not precluded from assessing fees and costs, as the prior order was directed only against appellant's share in the estate. We agree with the appellant's position and reverse.
The lower court's final judgment upholding the validity of the testamentary documents specifically reserved jurisdiction to determine the taxation of costs and attorney's fees incurred in that proceeding. Thereafter, petitions for attorney's fees and costs were filed on behalf of both the estate and Olga Davis, and an order granting same was entered by the court on December 10, 1986, assessing fees and costs against appellant's share in the estate, without any provision allowing a further retention of jurisdiction for the purpose of entertaining a subsequent petition seeking an additional award of fees and costs. This order was timely appealed to this court in Case No. BR-267, and, as above reflected, was affirmed. During the pendency of the appeal, and, after the expiration of more than 30 days following the entry of the initial order, a second motion taxing costs was filed, requesting the assessment of costs against Bashure individually. We conclude, under the circumstances presented, that the lower court no longer retained jurisdiction to consider the second motion for taxation of costs.
It is well settled that upon entry of a final judgment, a court has no further jurisdiction over the matter in controversy, unless a timely motion for retention has been made.[5] As stated in Frumkes v. Frumkes, 328 So.2d 34, 35 (Fla. 3d DCA 1976):
The court retains the power to modify by subsequent order the time and manner of the enforcement of a final judgment after it becomes final, but it does not retain the power, unless provided by statute or rule, to amend, modify or alter the provisions of a final judgment.
See also Donovan v. Environs Palm Beach, 372 So.2d 1008 (Fla. 4th DCA 1979); McCallum v. McCallum, 364 So.2d 97 (Fla. 4th DCA 1978). Although it is true that the court's final judgment below contained a provision reserving jurisdiction for the purpose of taxing costs and fees, such a provision cannot confer jurisdiction upon the court to consider serial motions for costs and fees made at any time thereafter. For example, in McCallum, a petition to modify a final judgment of dissolution was filed, which did not include a request for costs and attorney's fees. While the final judgment had retained jurisdiction regarding attorney's fees, the modification order *1154 did not. Later a motion taxing fees and costs was filed after the time had expired for filing an appeal from the entry of the modification order. The Fourth District held that the reservation of jurisdiction in the final judgment was insufficient to confer jurisdiction on the trial court to award fees in the modification proceeding, and that, without an express reservation of jurisdiction in the modification order, the court lacked jurisdiction to enter a later award of fees.
Similarly in the case at bar, although fees and costs were reserved in the final judgment, the initial order awarding attorney's fees did not contain a reservation of jurisdiction for any such further determination. As such, we consider that the order was a final disposition as to the issue of fees and costs, and acted as a bar to any future relitigation of such issue. The estate, however, argues that the initial order cannot be so considered, despite the absence of language in the order retaining jurisdiction, because the earlier order had assessed costs only against Bashure's share in the estate and not against him in his individual capacity. We cannot agree. The opportunity was afforded to the parties to submit all cost issues at the earlier taxation proceeding, yet the parties did not avail themselves of such opportunity. Principles of res judicata extend not only to matters that were actually determined in the prior proceeding, but also to all matters which could have then been properly determined. 32 Fla.Jur.2d Judgments and Decrees § 115 (1981). Moreover, the fact that a different form of relief is sought  here the taxation of costs against Bashure individually  does not preclude the application of res judicata to bar the maintenance of the second proceeding to tax costs. See City of Anna Maria v. Miller, 91 So.2d 333 (Fla. 1956). The bar applies because the relief sought in both motions was the same: the assessment of costs against Bashure which had been incurred in the will contest proceeding, and which were to be recovered as part of the judgment and as an incident to the primary adjudication.
Finally, the fact that appellate review of both the judgment upholding the validity of the will and the initial order granting fees and costs was still pending at the time the second motion for an order taxing fees and costs was submitted does not affect the finality of either. The doctrine of res judicata prevails as long as the judgment used as a basis thereof remains in full and operative effect. See G.I. Miller & Co. v. Carmichael-McCalley Co., 91 Fla. 1071, 109 So. 198 (1926). The effect of an order which is the subject of an appeal is that it is simply voidable and "will constitute a bar to later litigation for res judicata purposes, unless the order or judgment is reversed, in which event no bar may be claimed under it." Combustion Engineering, Inc. v. Cote, 505 So.2d 533, 534 (Fla. 1st DCA 1987) (emphasis in original). Because both the final judgment reserving jurisdiction and the initial order taxing fees and costs have now been upheld, the bar of finality precludes the circuit court from again taxing costs against appellant.
AFFIRMED in part, REVERSED in part.
SMITH, C.J., and NIMMONS, J., concur.
NOTES
[1] This court has jurisdiction pursuant to Fla.R. App.P. 9.130(a)(4).
[2] This order was affirmed in In re Estate of Paulk, 503 So.2d 368 (Fla. 1st DCA), rev. denied, 513 So.2d 1062 (Fla. 1987).
[3] The Florida Bar Code of Professional Responsibility was, effective January 1, 1987, deleted as a separate entity and is now integrated into a single subject entitled Rules Regulating the Florida Bar. See The Florida Bar re: Rules Regulating the Florida Bar, 494 So.2d 977 (Fla. 1986). The terms of Ethical Consideration 3-6 are now generally included within the provisions of Rule 4-5.3(b), as well as the comments to Rules 4-5.3 and 4-5.5.
[4] As it is not applicable to the instant case, we are not asked to decide what effect, if any, the enactment of Section 57.104, Florida Statutes (1987), may have on the continued vitality of the Bill Rivers rule following the effective date of the statute  October 1, 1987. See Chapter 87-260, Section 1, Laws of Florida. Section 57.104 provides: "In any action in which attorneys' fees are to be determined ..., the court shall consider ... time and labor of any legal assistants ... [performing] meaningful legal support to the matter involved and who are working under the supervision of an attorney." (e.s.) Although it is uncertain from the explicit language of section 57.104 whether it was intended to modify the Bill Rivers rule, the staff analysis to the House of Representatives Committee on Judiciary states: "This legislation would reverse the decisions of the first [Bill Rivers] and third districts [ABD Management Corporation v. Robert L. Turchin, Inc., 490 So.2d 202 (Fla. 3d DCA 1986)] and would specifically provide that an award of attorney's fees would include an award for the services of a legal assistant employed by the attorney." See House of Representatives Committee on Judiciary Staff Analysis to HB 0535. Elsewhere, however, it is stated that although Bill Rivers precludes the services of nonlawyer personnel from being compensated through a separate award, it allows the attorney to be compensated for his services, if aided by a paralegal, therefore "it may be argued that this legislation would not result in any differing award of legal fees." Id.
[5] If, however, the statute authorizing the taxing of fees and costs permits a court to enter such an award following an appeal, the court is empowered to so act even in the absence of a reservation of jurisdiction. See Jeffcoat v. Heinicka, 436 So.2d 1042 (Fla. 2d DCA 1983). The statute authorizing costs in the present case, Section 733.106, Florida Statutes, does not contain a provision permitting the payment of costs following an appeal, unlike the statute considered in Jeffcoat  Section 501.2105, Florida Statutes (1979).