746 So.2d 1100 (1999)
Janet SNYDER, as Conservator of Frances Bell, Appellant,
v.
William G. BELL, in his capacity as Trustee of the Malvern Hill Bell Revocable Trust U/A/D 01-25-95 and in his capacity as Personal Representative of the Estate of Malvern Hill Bell, deceased, Appellee.
William G. Bell, in his capacity as Trustee of the Malvern Hill Bell Revocable Trust U/A/D 01-25-95 and in his capacity as Personal Representative of the Estate of Malvern Hill Bell, deceased, Appellant,
v.
Janet Snyder, as Conservator of Frances Bell, Appellee.
Nos. 98-01923, 98-02702.
District Court of Appeal of Florida, Second District.
September 24, 1999.
Rehearing Denied November 4, 1999.
*1101 A. Lamar Matthews, Jr. and Arthur S. Hardy of Matthews, Hutton & Eastmoore, Sarasota, and Robert E. Turffs of Brann & Turffs, Sarasota, for Appellant.
John J. Waskom, Thomas F. Icard, and Michael L. Foreman of Icard, Merrill, Cullis, Timm, Furen & Ginsberg, P.A., Sarasota, and Steven L. Brannock of Holland & Knight, LLP, Tampa, for Appellee.
PARKER, Judge.
In these consolidated cases, Janet Snyder appeals the trial court's order denying her attorney's fees and costs, and William G. Bell appeals the trial court's order denying him attorney's fees. Snyder serves as conservator of her mother, Frances Bell (Frances), and Bell serves as trustee of a revocable trust of Malvern Hill Bell (Malvern), who was Bell's uncle and is now deceased, and as personal representative for Malvern's estate (the Estate). We affirm the trial court's order denying Snyder attorney's fees and costs. We also reverse and remand this case for the trial court to reconsider Bell's motion for attorney's fees.
Frances has resided in a Tennessee nursing home since 1994, when she suffered a stroke. Malvern died of cancer in 1995. Malvern's death precipitated contentious litigation between Bell and Snyder. For the purposes of this appeal, the only relevant facts surround certain claims filed by Snyder against Bell and the Estate. A brief summary of the facts concerning the rest of the claims between *1102 these parties is set forth in Snyder v. Bell, 746 So.2d 1096 (Fla. 2d DCA 1999).
On November 9, 1995, Snyder filed suit against Bell for conversion of a computer. On November 21, 1995, Snyder filed a suit against Bell and the Estate requesting an accounting and alleging claims for conversion committed by Malvern before his death and breach of fiduciary duty. The conversion count included allegations that Malvern had stolen over $1,000,000 from Frances, including a $122,634.59 check from a brokerage. On November 21, 1995, Snyder also sent Bell a civil theft demand letter seeking to recover treble damages for the $122,634.59 check.
Subsequently, on January 11, 1996, Snyder filed a claim against the Estate seeking damages for Malvern's civil theft. On January 22, 1996, Bell filed his objection to the claim. Thereafter, on May 2, 1996, Snyder filed her first amended complaint in which she alleged a claim for civil theft against the Estate. At the conclusion of the trial, the jury found in favor of Snyder on her claims for civil theft, constructive fraud, and breach of prenuptial agreement. The jury found that Bell did not commit conversion or breach his fiduciary duty as trustee.
In a subsequent proceeding, the trial court ruled that Snyder was not entitled to an award of attorney's fees and costs under section 733.705, Florida Statutes (1995), which denies fees and costs to any claimant who prematurely files suit against an estate before a personal representative files an objection to a claim. In a separate order, the trial court granted Bell's motion for costs, and denied his motion for attorney's fees. The court based the denial of attorney's fees under sections 737.627 and 733.609, Florida Statutes (1995), on the finding that neither section creates an independent statutory right to attorney's fees assessed against an individual without a share in the estate. Both parties filed timely notices appealing the orders, which this court consolidated for purposes of this appeal.
On appeal, Snyder incorrectly argues that the trial court erred in finding that section 733.705 of the Probate Code precluded an award of attorney's fees. That section provides, in pertinent part:
No personal representative shall be compelled to pay the debts of the decedent until after the expiration of 5 months from the first publication of notice of administration. If any person brings an action against a personal representative within the 5 months on any claim to which the personal representative has filed no objection, the plaintiff shall not receive any costs or attorneys' fees if he or she prevails....
(2) On or before the expiration of 4 months from the first publication of notice of administration or within 30 days from the timely filing of a claim, whichever occurs later, a personal representative or other interested person may file a written objection to a claim.
§ 733.705, Fla. Stat. (1995). The trial court found that section 733.705 precluded attorney's fees for Snyder because Snyder filed suit before she filed her claim and before the personal representative could object. Snyder argues that because she did not allege civil theft until she amended her complaint in May 1996, she did not bring an action "within the 5 months on any claim to which the personal representative has filed no objection." We disagree and find that the November 21, 1995 complaint, which contained allegations regarding the subject of Snyder's claim against the Estate, constituted "an action" under section 733.705.
Because Snyder brought an action on the claim within five months of administration and before Bell objected, we conclude that section 733.705 precludes an award of attorney's fees to Snyder. However, Snyder argues that attorney's fees are nonetheless proper under the Remedies for Criminal Practices Act, section *1103 772.11, Florida Statutes (1995). That section provides, in pertinent part:
Any person who proves by clear and convincing evidence [civil theft] ... is entitled to ... reasonable attorney's fees and court costs in the trial and appellate courts. Before filing an action for damages under this section, the person claiming injury must make a written demand for ... damages under this section. If the person to whom a written demand is made complies with such demand within 30 days after receipt of the demand, that person shall be given a written release from further civil liability....
§ 772.11, Fla. Stat. (1995).
The trial court found that section 772.11 conflicted with section 733.705 in that it seemingly reduced the time a personal representative may take to object to a claim to thirty days, instead of four months. Although Snyder argues that section 772.11 controls because it is more specific than section 733.705, we conclude that the policy behind the Probate Code establishes that section 733.705 should control.
Section 733.705 was enacted in order to provide a personal representative more time in which to evaluate claims before distributing assets. A personal representative needs this time to investigate claims to determine which claims are valid. The Remedies for Criminal Practices Act could easily require the tortfeasor to pay a demand within thirty days because determination of the validity of a claim against the tortfeasor is a much simpler process than determination of the validity of a claim against a deceased third party.
Snyder also argues that the statutes could be read together to allow an estate four months to consider and pay a civil theft claim without incurring attorney's fees. However, this interpretation ignores the plain intent of section 733.705 to punish a claimant for filing before an objection by disallowing attorney's fees. Therefore, we reject this interpretation of the statutes.
Alternatively, Snyder argues that she should be awarded attorney's fees against Malvern's trust because section 733.705 does not apply to trusts. However, a pour-over trust, which Malvern established, is treated as a testamentary disposition for the purpose of awarding attorney's fees against an estate. See In re: Estate of Paulk v. Lindamood, 529 So.2d 1150, 1153 (Fla. 1st DCA 1988). Accordingly, section 733.705 applies in this case and precludes attorney's fees for Snyder.
Finally, Snyder argues that she is entitled to costs pursuant to sections 733.705 and 57.041,[1] Florida Statutes (1995). This court's holding that section 733.705 precludes attorney's fees in favor of Snyder applies to preclude costs under this section as well. Additionally, Snyder's argument that application of section 57.041 is mandatory fails because we conclude that section 733.705 controls.
Turning to Bell's appeal, Bell correctly argues that the trial court erred by refusing to award him attorney's fees pursuant to sections 737.627 and 733.106, Florida Statutes (1995). Section 737.627 provides: "In all actions challenging the proper exercise of a trustee's powers, the court shall award taxable costs as in chancery actions, including attorney's fees." The trial court based its decision to refuse attorney's fees under section 737.627 on its finding that section 737.627 does not create an independent statutory right to attorney's fees assessed against an individual without a share in the estate.
However, both parties concede that the trial court erred in finding that Frances did not have a share in the Estate. Both parties agree that she is a one-seventh *1104 beneficiary of the pour-over trust funded by the Estate. Therefore, the trial court erred in finding that section 737.627 is not a valid basis for awarding attorney's fees for Bell. See In re: Estate of Paulk, 529 So.2d at 1153 (holding that attorney's fees awarded against an estate were properly paid from the will contestant's share of the body of the residuary trust). Accordingly, we reverse and remand for the trial court to reconsider Bell's motion for attorney's fees pursuant to section 737.627. To this end, the trial court has the discretion to "order that costs follow the result of the suit, apportion the costs between the parties, or require all costs be paid by the prevailing party." Dayton v. Conger, 448 So.2d 609, 612 (Fla. 3d DCA 1984) (citing Akins v. Bethea, 160 Fla. 99, 33 So.2d 638, 640 (1948)).
We note that Snyder's liability for attorney's fees under section 737.627 may not exceed Frances' share of the trust. A court is limited in awarding attorney's fees incurred while defending an action by the general rule that attorney's fees will be awarded only pursuant to a contract or statute. See Dayton, 448 So.2d at 611. In Dayton, the Third District held that section 733.106, which provides for attorney's fees for services rendered to an estate, does not provide a valid basis for personal liability for attorney's fees. See id. The court explained that section 733.106 provided a claim for fees for prosecuting the action itself, and that attorney's fees were not authorized pursuant to any other contract or statute. See id.
Section 737.627 is similar to section 733.106 in that it provides for attorney's fees for defending the action itself. Accordingly, liability for attorney's fees under section 737.627 may not extend beyond a party's share in the estate. On remand, if the trial court awards attorney's fees under section 737.627, liability is limited to Frances' share as a one-seventh beneficiary of the trust.
Bell also correctly argues that the trial court erred in denying attorney's fees pursuant to section 733.106, Florida Statutes (1995). That section provides, in pertinent part:
(1) In all probate proceedings costs may be awarded as in chancery actions.
. . . .
(3) Any attorney who has rendered services to an estate may apply for an order awarding attorney fees, and after informal notice to the personal representative and all persons bearing the impact of the payment the court shall enter its order on the petition.
§ 733.106, Fla. Stat. (1995). Snyder does not contend that Bell is not entitled to attorney's fees under this section, but argues that fees should be awarded solely from Frances' share of the Estate.
Section 733.106(4), Florida Statutes (1995), allows a court to direct from which portion of the estate fees shall be paid. Because this section is discretionary, upon remand, if the trial court awards attorney's fees under this statute, it may direct from which portion of the Estate they will be paid. As discussed above, the trial court may not award attorney's fees which exceed Frances' share as a beneficiary of the trust. See Dourado v. Chousa, 604 So.2d 864, 865 (Fla. 5th DCA 1992); Dayton, 448 So.2d at 611.
Affirmed in part; reversed and remanded for the trial court to reconsider Bell's motion for attorney's fees.
CAMPBELL, A.C.J., and CASANUEVA, JJ., Concur.
NOTES
[1] That section provides: "The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment...." § 57.041, Fla. Stat. (1995).