SHAHOOD, J.
This is an appeal of an order on attorney’s fees and costs. It is the companion case to a prior appeal, which resulted in the issuance of a per curiam affirmance. See Cadden v. Schickedanz, 833 So.2d 145 (Fla. 4th DCA 2002). The facts are as follows.
Nadya Cadden (Cadden) negotiated with Gerhard Schickedanz and his wife, Susan LeAnne Schickedanz (appellees) to sell 17.16 acres of land. The initial purchase involved 8.9 acres; however, as part of the contract, Cadden granted the appellees a right of first refusal on the remaining acres. That handwritten provision in the contract provided:
Buyer will have first right to buy the back half of the property for an amount not to exceed $175,000. At seller’s decision to sell or from her estate.
*652 The following year, due to zoning difficulties appellees were experiencing, Cadden agreed to an additional conveyance of approximately 1.1 acres to expand appellees’ parcel to ten acres. As a result of this second conveyance, the parties reduced the capped price of the right of first refusal provision from $175,000 to $166,800.
In finalizing this second conveyance, the parties entered into an Amended Restated Grant of First Refusal. Pursuant to the amended agreement, Cadden agreed to notify appellees in writing of any bona fide, third-party offer to purchase the remaining property and appellees would have the right of first refusal. Cadden agreed that any attempted conveyance in violation of the agreement would be null and void.
Some years later, Cadden contracted to sell the remaining property to a third party, Jeanette Sassoon (Sassoon), without formally notifying appellees and without giving them the right of first refusal. When appellees learned of the agreement between Sassoon and Cadden, they immediately contacted Cadden’s attorney and submitted an offer to purchase the remaining 7.16 acres, pursuant to the amended agreement.
On November 6, 1999, Cadden died. In a letter dated December 14, 1999 to Cad-den’s attorney, Sassoon exercised her option to purchase the 7.16 acres. A Petition for Administration was filed in the Cadden Estate on December 17, 1999. Letters of Administration were issued to Cadden’s son on January 28, 2000. Notice of Administration was published, with a first publication date of February 3, 2000. Ap-pellees filed a Statement of Claim on March 14, 2000. The personal representative filed an objection to the claim on April 28, 2000.
When Cadden’s estate (appellant) refused to convey the property to appellees, they filed a two-count complaint for specific performance and damages against Cad-den’s estate, the Personal Representative, and Sassoon on March 20, 2000. The estate and the Personal Representative counterclaimed for declaratory judgment for the court to determine the validity of the “Amended Restated Grant of Right of First Refusal.”
After a non-jury trial, the trial court found in favor of appellees and upheld the amended agreement. The court found that the provision of a first right of refusal between appellees and Cadden was not an unreasonable restraint on alienation, and directed the estate to immediately convey the remaining property to appellees. That judgment was affirmed by this court without an opinion. Id.
Appellees subsequently filed a motion to tax fees and costs. The trial court entered an order finding that appellees, as prevailing parties in the litigation, were entitled to an award of fees pursuant to the handwritten agreement between Cadden and appellees as well as the amended agreement between those parties. The parties stipulated to reasonable and necessary amounts of attorney’s fees and costs and judgment was entered in favor of appel-lees. This appeal follows.
Appellant argues that, pursuant to section 733.705(1), Florida Statutes (2000), ap-pellees are barred from receiving attorney’s fees from the estate because they filed suit on their claim prematurely. Ap-pellees counter that appellant’s interpretation of the probate statute is erroneous and contrary to section 95.11, Florida Statutes (2000), which dictates statutes of limitation.
Section 733.705(1), states,
1) The personal representative shall pay all claims within 1 year from the date of first publication of notice to creditors, ... No personal representative shall be *653 compelled to pay the debts of the decedent until after the expiration of 5 months from the first publication of notice to creditors. If any person brings an action against a personal representative within the 5 months on any claim to which the personal representative has not filed an objection, the plaintiff shall not receive any costs or attorneys’ fees, nor shall the judgment change the class of the claim for payment under this code.
(Emphasis added). In this case, appellees filed the civil suit on their claim approximately one and a half months after the first publication of notice. Subsequent to the filing of the civil suit, the personal representative filed the objection in the probate court.
In Snyder v. Bell, 746 So.2d 1100 (Fla. 2d DCA 1999), a creditor filed suit against the estate and was later denied attorney’s fees under 733.705(1). The court held, “[bjecause Snyder brought an action on the claim within five months of administration and before Bell objected, we conclude that section 733.705 precludes an award of attorney’s fees to Snyder.” Id. at 1102. Alternatively, Snyder argued that he was entitled to fees under section 772.11, Florida Statutes, the Remedies for Criminal Punishment Act. Id. In discussing the apparent conflict between the two statutes, the appellate court said:
The trial court found that section 772.11 conflicted with section 733.705 in that it seemingly reduced the time a personal representative may take to object to a claim to thirty days, instead of four months. Although Snyder argues that section 772.11 controls because it is more specific than section 733.705, we conclude that the policy behind the Probate Code establishes that section 733.705 should control.
Section 733.705 was enacted in order to provide a personal representative more time in which to evaluate claims before distributing assets. A personal representative needs this time to investigate claims to determine which claims are valid. The Remedies for Criminal Practices Act could easily require the tortfeasor to pay a demand within thirty days because determination of the validity of a claim against the tortfeasor is a much simpler process than determination of the validity of a claim against a deceased third party.
Snyder also argues that the statutes could be read together to allow an estate four months to consider and pay a civil theft claim without incurring attorney’s fees. However, this interpretation ignores the plain intent of section 733.705 to punish a claimant for filing before an objection by disallowing attorney’s fees.

Id.

Appellees attempt to distinguish Snyder on the basis that the court in that case considered section 733.705 in conjunction with another statutory entitlement to fees and not in the context of a contractual entitlement to fees. They argue that section 733.705 could not apply to contractual obligations because “to do so would deny creditors their protected contract rights.” No authority supports this position, however. In fact, the statute is clear that 733.705(1) applies to any claim. See § 733.705(l)(“If any person brings an action ... within the 5 months on any claim to which the personal representative has filed no objection, the Plaintiff shall not receive any costs or attorneys’ fees”)(emphasis added).
Alternatively, appellees argue that section 733.705(1) conflicts with the one year statute of limitations imposed by section 95.11. Appellees argue that they were required to file their civil suit prematurely *654 to preserve their right to file suit at all. That argument has no merit. Section 733.104(2), Florida Statutes (2000) states, “[i]f a person against whom a cause of action exists dies before the expiration of the time limited for commencement of the action and the cause of action survives, claim shall be filed on the cause of action, and it shall then proceed as other claims against the estate, notwithstanding the expiration of the time limited for commencement of the action.” The effect of this statute is to toll the statute of limitations at the death of the person against whom the cause of action exists. See Jones v. Lummus, 359 So.2d 538 (Fla. 3d DCA 1978)(holding that the filing of a timely claim against an estate, in accordance with statutory procedure governing such claims, tolls the running of the statute of limitations in regard to time within which suit may be filed on the claim); see also Briggs v. Estate of Geelhoed, 543 So.2d 332 (Fla. 4th DCA 1989)(the death of the debtor tolls the running of the statute of limitations applicable to enforcement of a debt).
Based upon the probate statutes and the cases interpreting them, the five-month “waiting period” for filing independent actions on claims in probate must be strictly adhered to in order to preserve one’s rights to attorney’s fees and costs. Appel-lees’ suit was filed before the expiration of the five-month period and before the filing of the personal representative’s objection to the claim. Thus, appellees were not entitled to fees because their suit was filed prematurely. Accordingly, the trial court’s order granting their motion for fees must be reversed.
REVERSED.
KLEIN and GROSS, JJ., concur.