RYDER, Judge.
The appellants ask us to review an order of the lower court granting relief from a final judgment relating to child support based upon a pleading filed more than ten days subsequent to a final judgment awarding child support in an amount certain.
Appellants assert that Florida Rule of Civil Procedure 1.530 bars rehearing as *539 appellee’s request was filed after the expiration of the ten-day period following the entry of the lower court’s order. We agree and reverse. See Meyer v. Meyer, 525 So.2d 462 (Fla. 4th DCA 1988); St. Cloud Utilities v. Moore, 410 So.2d 973 (Fla. 5th DCA 1982); Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976).
Florida Rule of Civil Procedure 1.530(g) states:
Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than ten days after entry of the judgment except that this rule does not affect the remedies in Rule 1.540(b).
As stated within the foregoing rule, the only exception thereto is the relief contemplated in Florida Rule of Civil Procedure 1.540. Appellee pleaded no basis for and submitted no evidence upon which the lower court could have fashioned relief for appellee under rule 1.540, thus, the lower court erred in granting relief from judgment.
We reverse and remand this matter to the lower court with instructions to strike its order of September 7, 1989 and to reinstate its June 8, 1989 order and judgment.
Reversed and remanded with instructions.
SCHEB, A.C.J., and FRANK, J., concur.