PETERSON, Chief Judge.
The Florida Department of Revenue (DOR), appeals an order entered pursuant to a joint stipulation between the natural parents in a paternity suit that purported to waive all arrearages for child support owed by the father. DOR asserts the order approving the stipulation should be vacated because neither DOR nor the Florida Department of Health and Rehabilitative Services (HRS), was noticed and the DOR has a right to seek reimbursement of public monies paid on behalf of the support of the parents’ minor child. We reverse in part.
This litigation was initiated by HRS on behalf of Sharon P. Welshans, and against Christopher P. Pericola, to determine paternity, to obtain support payments, and to obtain reimbursement for public assistance payments. The claims were contested but resulted in a final judgment of paternity finding that Pericola was the father and requiring him to make monthly support payments. Pericola was also ordered to make periodic payments to reimburse HRS in the amount of $4,841 for past support. The record reflects that Pericola was later held in contempt for failing to make the support and arrearages payments. A September 21,1992 motion to again hold him in contempt could not be heard because an effort to serve process was unsuccessful.
All the efforts to obtain a remedy against Pericola had been made by HRS for the mother until December 16, 1994, when a letter signed by a stranger to the proceeding, Kathleen Pericola, was received by the trial court. Enclosed in the letter were a stipulation and affidavits signed by the child’s parents indicating that the mother was now married, that her husband wanted to adopt the child, that the father was willing to consent to the termination of his parental rights, and that the mother waived any and all child support arrearages. Although one of these documents was witnessed by New York attorney Alfred Wolkenberg, it does not appear that any agency of the State of Florida, or the attorney for any agency, was served with any of the documents. The trial court then entered an order approving the stipulation including a provision that no arrearages exist for child support currently. It is from that order that the DOR appeals.[1]
The first matter to consider is the standing of the DOR to bring this appeal, when it was HRS, a separate state agency, that initiated the litigation in the trial court. Chapter 94-124, Laws of Florida, transferred child support enforcement programs from HRS to DOR effective July 1,1994. Subsection (3) provides that “[T]he Department of Revenue shall be substituted as the real party in interest in any pending judicial or administrative proceedings transferred by these provisions wherein the Department of Health and Rehabilitative Services is listed as the real party in interest.” Accordingly, DOR has standing to bring this appeal.
Addressing the concerns raised by DOR, we find that the trial court erred by entering a judgment forgiving child support arrearages upon a stipulation that did not include the signature of one of the parties to the action, to wit: the obligee, HRS, acting on behalf of the mother. Accordingly, we vacate all provisions of the order that in any way attempt to eliminate or reduce any financial obligations of Christopher P. Pericola to HRS or otherwise purport to affect any interest of that agency in effectuating (through the DOR) reimbursement of any public assistance payments made in this case.
ORDER PARTIALLY VACATED.
COBB, J., concurs.
W. SHARP, J., concurs specially, with opinion.

. The DOR learned about the order from an HRS case worker to whom a copy of the order had been sent.