PARKER, Acting Chief Judge.
The State of Florida, Department of Revenue (the Department), appeals the trial court’s order modifying the amount of child support Lawrence Madden was required to pay, arguing that the trial court lacked jurisdiction to enter the order. We agree and reverse.
The marriage of Judith Madden and Lawrence Madden was dissolved in Broward County ⅛ 1985. The Broward County Court awarded Mrs. Madden custody of the six children and ordered Mr. Madden to pay child support. Mrs. Madden subsequently relocated to Pasco County.
On May 2, 1994, the State of Florida, Department of Health and Rehabilitative Services (HRS),[1] filed a supplemental peti *68 tion for modification of child support on behalf of Mrs. Madden. In the supplemental petition Mrs. Madden requested child support for the one remaining minor child and payment on arrears for child support that Mr. Madden had failed to pay under the Broward County order. Mrs. Madden also requested the Broward County ease be transferred to Pasco County. The trial court held a final hearing on the supplemental petition for modification on September 8, 1994. The trial court entered Findings and Order on Petition for Modification on October 20, 1994, and filed Amended Findings and Order on Petition for Modification on December 2,1994.
Pursuant to the amended order, Mr. Madden was to pay support for the one remaining minor child in the amount of $513.19 per month. The trial court ordered this support to be paid retroactive to the date of filing of the petition in May 1994. Further, the trial court ordered Mr. Madden to pay $102.64 per month toward the arrears of $16,052.23. The amount that the trial court ordered was based on information regarding Mr. Madden’s prior employment status which was contained in Mrs. Madden’s supplemental petition for modification.
On January 6, 1995, thirty-five days after entry of the- amended order on the modification, the trial judge received a letter from Mr. Madden requesting a hearing on a “downward modification” of the December 2, 1994, child support order. The judge’s judicial assistant sent a copy of the correspondence to Mrs. Madden’s attorney and advised her to set a hearing in the matter. The hearing on Mr. Madden’s letter took place on March 7,1995.
The trial court treated Mr. Madden’s letter as a motion for rehearing of Mrs. Madden’s supplemental petition for modification and the order entered on December 2,1994. The trial court granted Mr. Madden’s request for rehearing. At the hearing on Mr. Madden’s request for rehearing, Mr. Madden testified that he was no longer making the same income reflected in Mrs. Madden’s supplemental petition for modification. Mr. Madden offered no testimony or evidence regarding excusable neglect. After the hearing, which Mir. Madden and an attorney for the Department attended, the trial court entered an order recalculating Mir. Madden’s child support based on a lower income and lowering his monthly child support obligation to $414 plus $82.80 per month toward the arrears. The lower child support amount was to be retroactive to May 2, 1994, the date on which Mrs. Madden filed her supplemental petition for modification.
We conclude that the trial court had no jurisdiction to rehear the matter pursuant to Florida Rule of Civil Procedure 1.530, inasmuch as Mir. Madden filed his letter requesting modification after the ten-day period following the entry of the court’s order had expired. See Robinson v. McNair, 567 So.2d 538 (Fla. 2d DCA 1990). As in Robinson, Mr. Madden did not plead any basis for or submit any evidence upon which the lower court could have granted relief under Florida Rule of Civil Procedure 1.540. The record simply reflects that Mr. Madden did not attend the hearing on the supplemental petition for modification because he could not afford to attend. Moreover, the basis for the modification existed at the time the hearing on Mrs. Madden’s supplemental petition for modification took place.
Reversed and remanded.
ALTENBERND and WHATLEY, JJ., concur.

. HRS initially filed the supplemental petition for modification; however, the Florida Department *68 of Revenue was substituted as a party because chapter 94-124, Laws of Florida, transferred child support enforcement programs from HRS to the Department effective July 1, 1994. See Department of Revenue v. Pericola, 662 So.2d 386 (Fla. 5th DCA 1995).